1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Team
3  MARGARET W. BAUMGARTNER, State Bar #151762
   ADELMISE WARNER, State Bar #215385
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Floor No. 5
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3930
   Facsimile:    (415) 554-4248
7
8  Attorneys For Defendants
   CITY AND COUNTY OF SAN FRANCISCO ET AL.

9                     UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  CLIFFORD COOK,                      Case No. C 07 2569 CRB

12              Plaintiff,              **MEMORANDUM OF POINTS AND
                                        AUTHORITIES IN SUPPORT OF
13       vs.                            MOTION TO DISMISS (12(b)(6)) OR,
                                        IN THE ALTERNATIVE, MOTION
14  CITY AND COUNTY OF SAN              FOR A MORE DEFINITE
    FRANCISCO, ANTONIO FLORES,          STATEMENT (12(e))**
15  DON SLOAN, MARSHA ASHE, and
    DOES 1-50, inclusive,
16                                      Date:  October 26, 2007
              Defendants.               Time:  10:00 a.m.
17                                      Place:  Ctrm 8, 19th Fl.

18                                      Date action filed:
                                        Trial date:  None set
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...........................................................................................................1

STATEMENT OF FACTS ...............................................................................................1

ARGUMENT ...................................................................................................................2

    I.      COOK FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 .......................2

          A.      Cook Does Not State a Claim for a Violation of Equal Protection .............3

          B.      Cook Does Not State a Claim for Denial of Due Process...........................3

          C.      Cook Does Not State a Claim for Violation of the Fourth Amendment......5

          D.      The Individual Defendants Are Entitled To Qualified Immunity................6

    II.     COOK FAILS TO STATE A CLAIM UNDER *MONELL* ...................................7

    III.   THE COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS
         AND STRIKE THE PUNITIVE DAMAGES ALLEGATIONS ...........................8

    IV.   THE COURT SHOULD ALTERNATIVELY REQUIRE A MORE
         DEFINITE STATEMENT.......................................................................................8

    V.    THE COURT SHOULD DECLINE JURISDICTION OF THE PENDANT
         STATE CLAIM UNDER FEHA ..........................................................................8

CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES

**State Statutes & Codes**

California Government Code
  § 818 ...................................................................................................................8

**Federal Cases**

*Ahlers v. Schebil*
  (6th Cir. 1999) 188 F.3d 365 ..............................................................................5

*Anderson v. Creighton*
  (1987) 483 U.S. 635..............................................................................................6

*Barry v. Fowler*
  (9th Cir. 1990) 902 F.2d 770 ..............................................................................5

*Bell Atlantic Corp. v. Twombly*
  (May 21, 2007) __ U.S. __, 127 S. Ct. 1955; 167 L. Ed. 2d 929 ..........................2, 3

*Brosseau v. Haugen*
  (2004) 543 U.S. 194..............................................................................................7

*City of Newport v. Fact Concerts, Inc.*
  (1981) 453 U.S. 247..............................................................................................8

*Clement v. Gomez*
  (9th Cir. 2002) 298 F.3d 898 ..............................................................................7

*Gilbert v. Homar*
  (1997) 520 U.S. 924..............................................................................................4

*Harlow v. Fitzgerald*
  (1982) 457 U.S. 800..............................................................................................6

*Hunter v. Bryant*
  (1991) 502 U.S. 224..............................................................................................7

*Kelley v. Myler*
  (7th Cir. 1998) 149 F.3d 641 ..............................................................................5

*Malley v. Briggs*
  (1986) 475 U.S. 335..............................................................................................7

*Monell v. Department of Social Services*
  (1978) 436 U.S. 658..........................................................................................7, 8

*Notrica v. Board of Supervisors*
  (9th Cir. 1991) 925 F.2d 1211 .........................................................................8, 9

**MPA/12(b)(6), CASE NO. C 07 2569 CRB**                    n:\labor\li2007\080165\00437774.doc

*Oklahoma City v. Tuttle*
   (1985) 471 U.S. 808...........................................................................................................2

*Saucier v. Katz*
   (2001) 533 U.S. 194......................................................................................................6, 7

*Spiegel v. Cortese*
   (7th Cir. 2000) 196 F.3d 717 ....................................................................................4, 5, 6

*United Mine Workers of America v. Gibbs*
   (1966) 383 U.S. 715...........................................................................................................8

*United States v. Armstrong*
   (1996) 517 U.S. 456...........................................................................................................3

*Yick Wo v. Hopkins*
   (1886) 118 U.S. 356...........................................................................................................3

**Federal Statutes**

42 U.S.C.
   § 1983 ......................................................................................................................1, 2, 3, 9

**San Francisco Statutes, Codes & Ordinances**

San Francisco Charter
   § A8.344...............................................................................................................................4

San Francisco Police Department General Order
   § 2.07 ..................................................................................................................................4

1

## INTRODUCTION

The City and County of San Francisco arrested and took disciplinary action against Clifford Cook, a police officer with the San Francisco Police Department, after Cook's wife called the Police Department and reported a domestic violence incident.  Cook sued the City for employment discrimination under both Title VII and FEHA, and sued the City and three of the officers involved in his arrest for unlawful arrest under 42 U.S.C. § 1983.  The City and the individual defendants request that this court dismiss Cook's third cause of action under 42 U.S.C. § 1983 for failure to state a claim and based on qualified immunity, and his fourth cause of action under FEHA because the same claim is pending in state court.

## STATEMENT OF FACTS

According to the allegations in the complaint, on or about July 26, 2005, the San Francisco Police Department domestic violence unit received a call from Cook's wife, claiming that her husband, Clifford Cook, a San Francisco Police Officer, had committed an act of domestic violence the week before.  (Comp. ¶ 9)  Inspector Antonio Flores interviewed Lisa Cook, the wife.  (Comp. ¶ 9)  Although Cook alleges that "the investigators obtained no corroborating evidence," he does not allege that Lisa Cook's statement to the police failed to provide evidence of domestic violence.  (Comp. ¶ 9)

Captain Marsha Ashe and Lieutenant Don Sloan, both with the Department's Domestic Violence Unit, arrested Cook.  (Comp. ¶ 10)  Cook claims that the Department should have interviewed him before they arrested him, and that the Department should not have arrested him without a warrant.  (Comp. ¶ 10)  Cook also asserts that if he were Caucasian, that the Department would not have arrested him.  (Comp. ¶ 11)

Shortly thereafter, the Department suspended Cook pending charges and a hearing before the Police Commission.  (Comp. ¶ 12)  The Department eventually put Cook back to work, but reassigned him to a different position.  (Comp. ¶ 12)

On April 11, 2006, Cook filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross filed with the California Department of Fair Employment and Housing ("DFEH").  (Comp. ¶ 13)  The DFEH issued Cook a right to sue letter

1

1   the same day.  (Comp. ¶ 13)  The EEOC issued a right to sue letter on February 22, 2007.  (Comp. ¶
2   13)

3        On April 11, 2007, Cook sued the City in San Francisco Superior Court, Case No. 462280.
4   (Req. Jud. Not. Ex. A)  That complaint contains one cause of action, for violation of FEHA.  (State
5   Comp. ¶ 14-16)  Cook did not serve that complaint on the City until July 30, 2007.

6        On May 15, 2007, Cook also sued the City and the three individual defendants in federal
7   court.  This complaint contains three causes of action.  The First Cause of Action is for violation of
8   Title VII, the Second Cause of Action is under 42 U.S.C. § 1983, and the Third Cause of Action is
9   under the FEHA and is identical to the only cause of action in the state court complaint.

10        The City now moves to dismiss the Second Cause of Action under 42 U.S.C. § 1983 for
11   failure to state a claim, or, alternatively, based on qualified immunity, and to dismiss the Third
12   Cause of Action because the same claim is pending in state court.  Alternatively, the City moves for
13   a more definite statement.

14                                                        **ARGUMENT**
15   **I.     COOK FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983**

16        To state a claim, a complaint must contain "the 'grounds' of his 'entitlement to relief.'"  *Bell*
17   *Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955; 167 L. Ed. 2d 929 (May 21, 2007).  This
18   "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
19   action will not do. . . . Factual allegations must be enough to raise a right to relief above the
20   speculative level." *Id.*  Moreover, Section 1983 is not an independent right, but merely a vehicle
21   for raising the violation of federal constitutional rights.  *See Oklahoma City v. Tuttle,* 471 U.S. 808,
22   816 (1985) ("By its terms, of course, the statute creates no substantive rights; it merely provides
23   remedies for deprivation of rights established elsewhere.")

24        Here, in addition to the City, Cook sued Captain Ashe, the Captain of the Police
25   Department's Domestic Violence Unit, Don Sloan, a Lieutenant in the DV Unit and Inspector
26   Flores, who interviewed his wife.  Cook does not specifically identify which defendant he sues
27   under his three causes of action.  But Cook's only allegations concerning Ashe, Sloan and Flores
28   relate to his arrest.  He does not allege that these three officers have any decision-making authority

                                                        2

with respect to his employment.  The City therefore assumes that the First and Third Causes of

Action are against the City, and that only the Second Cause of Action under 42 U.S.C. § 1983 is

brought against the three individual defendants for violation of his Fourth Amendment rights based

on his arrest.

Because Cook states in his complaint that his Second Cause of Action concerns the equal

protection clause and due process, the City also addresses these claims.

Under *Bell Atlantic Corp.*, Cook does not state a claim under Equal Protection, Due Process

or the Fourth Amendment.

### A.    Cook Does Not State a Claim for a Violation of Equal Protection

The Police Department has considerable discretion in determining how to enforce the law,

and against whom to enforce it.  Although broad, that discretion is not absolute; it is limited by the

constitutional guarantee of Equal Protection.  But to state an Equal Protection claim based on

selective law enforcement, plaintiffs "must demonstrate that the administration of a criminal law is

'directed so exclusively against a particular class of persons . . . with a mind so unequal and

oppressive' that the system of prosecution amounts to a 'practical denial' of equal protection of the

law."  *United States v. Armstrong*, 517 U.S. 456, 469-70 (1996), quoting *Yick Wo v. Hopkins*, 118

U.S. 356, 373 (1886).

Here, Cook does not make any allegations related to equal protection other than a "formulaic

recitation of the elements" by alleging that "if he were Caucasian he would not have been arrested."

(Comp. ¶ 12)  He provides no facts or any other allegations that suggest that the San Francisco

Police Department has a policy and practice of arresting only African Americans for domestic

violence crimes, or that it does so with a "mind so unequal and oppressive" as to result in a denial of

equal protection.  *Armstrong*, 517 U.S. at 469-70.  He therefore has not stated a claim for an equal

protection violation against either the City or any of the individually named defendants.

### B.    Cook Does Not State a Claim for Denial of Due Process

Cook's complaint contains no allegations that give rise to a claim for a due process violation.

There are no facts or circumstances that suggest that the Department should have provided Cook

3

with any particular procedural protections, much less that any such procedures were constitutionally required.

Only one of Cook's allegations regarding his arrest could might implicate due process guarantees. Cook alleges that the Department should have interviewed him prior to his arrest. But the constitution does not require the Department to interview a suspect or any other witnesses prior to an arrest. See *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000) (constitution does not require police to interview suspect prior to arrest).

Cook may argue that he attempted to state a cause of action for violation of due process when he alleged that the Department suspended him from his position "without a hearing before the Police Commission." (Comp. ¶ 12) But under the San Francisco Charter, the Police Chief has the right to immediately suspend an officer pending a disciplinary hearing before the Police Commission under certain circumstances. S.F. Charter Sec. A8.344 (Req. Jud. Not. Ex. B). This right is consistent with Constitutional Due Process guarantees, which allow for a post-deprivation hearing when a pre-deprivation hearing is impractical. *Gilbert v. Homar*, 520 U.S. 924 (1997) (university did not violate due process guarantees by suspending tenured professor without pay after arrest, prior to holding hearing). The Department's General Orders, setting forth timelines for disciplinary proceedings, also protect an employee's due process rights. See SFPD Gen. Order 2.07 (Req. Jud. Notice Ex. C).

Cook does not allege that the procedural protections provided for temporary suspension in the Charter or the Department's General Orders violate due process, nor that the Police Chief failed to give Cook any opportunity to be heard in a timely fashion. See, e.g., Department General Order 2.07 (providing that police officer subject to temporary suspension entitled to hearing within five days).

There are no other allegations in Cook's sparse complaint that could give rise to a due process cause of action. The court should therefore dismiss Cook's Second Cause of Action for failure to state a claim under the Due Process clause against all defendants.

C.    **Cook Does Not State a Claim for Violation of the Fourth Amendment**

Although Cook does not specifically mention the Fourth Amendment in his Second Cause of Action, the factual allegations of the complaint suggests that the constitutional provision upon which he relies is the Fourth Amendment.  Cook also fails to state a claim under the Fourth Amendment, because Cook's own complaint indicates that the Department had probable cause to arrest him.

Here, the Department received a report from Cook's wife, the victim, that Cook committed a crime of domestic violence.  Although Cook believes that the Department should have interviewed him and taken his side of the story into account, there is no constitutional requirement that the Department does so.  "[A]s long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent."  *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

Once such a reasonably credible complaint has been made, the existence of probable cause to arrest does not depend upon the actual truth of the complaint.  *See Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) ("Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth that matters.").  Moreover it is immaterial under the Fourth Amendment whether the offense is a misdemeanor committed in the presence of the officer or not.  *Barry v. Fowle*r, 902 F.2d 770, 772 (9th Cir. 1990) (ruling that "[t]he requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment").

It is also immaterial to a probable cause determination whether officers took a complete statement from Cook prior to making the arrest, or even whether their investigation was shoddy.  "[L]aw enforcement is under no obligation to give any credence to a suspect's story . . . nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."  *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) (internal quotations omitted).  Officers have "no constitutional obligation to conduct

1  any further investigation in hopes of uncovering potentially exculpatory evidence." *Spiegel*, 196

2  F.3d at 723 (7th Cir. 2000).

3       Indeed, the Seventh Circuit in *Spiegel* rejected any constitutional duty under the Fourth

4  Amendment "to interview available witnesses." *Spiegel*, 196 F.3d at 723. "[T]he police need not

5  automatically interview available witnesses, on pain of the risk that a jury will require them to pay

6  damages. Good police practice may require interviews, but the Constitution does not require police

7  to follow the best recommended practices. There is a gap, often a wide one, between the wise and

8  the compulsory. To collapse those two concepts is to put the judicial branch in general

9  superintendence of the daily operation of government, which neither the fourth amendment nor any

10 other part of the Constitution contemplates." *Id*. at 725.

11 **D.     The Individual Defendants Are Entitled To Qualified Immunity**

12      Alternatively, the individual defendants are entitled to qualified immunity.

13      Qualified immunity shields government officials performing discretionary functions from

14 civil liability if their conduct does not violate clearly established statutory or constitutional rights of

15 which a reasonable official would have known. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

16 Public officials acting under color of law are protected from "undue interference with their duties

17 and from potentially disabling threats of liability by the principle of qualified immunity." *Id*.

18 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)).

19      In *Saucier v. Katz*, the United States Supreme Court set out a two-part test for qualified

20 immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The threshold inquiry is whether "taken in

21 the light most favorable to the party asserting the injury, do the facts alleged show the officer's

22 conduct violated a constitutional right?" *Id*. at 201. If they do not show a right was violated, the

23 inquiry ends and summary judgment based on qualified immunity is appropriate.

24      Even if the facts alleged do show a constitutional violation, qualified immunity may still

25 apply. The court would next determine "if the right was clearly established." *Saucier*, 533 U.S. at

26 201. "'Clearly established' within the context of qualified immunity means that 'the contours of the

27 right must be sufficiently clear that a reasonable official would understand that what he is doing

28 violates that right.'" *Anderson*, 483 U.S. at 639-40. This second question must be answered in light

6

1   of the specific context of the case, not as a broad, general proposition. *Brosseau v. Haugen*, 543

2   U.S. 194 (2004) (citing *Saucier*, 533 U.S. at 201). "The relevant, dispositive inquiry in determining

3   whether a right is clearly established is whether it would be clear to a reasonable officer that his

4   conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 201. The Supreme

5   Court explained that immunity may be denied only "if, on an objective basis, it is obvious that no

6   reasonably competent officer would have concluded" that the conduct was lawful at the time the

7   defendant acted. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "If officers of reasonable competence

8   could disagree on" the lawfulness of the conduct, "immunity should be recognized." *Malley*, 475

9   U.S. at 341; *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). Qualified immunity thus "provides ample

10  protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475

11  U.S. at 342. This serves to protect government officials from liability for good faith misjudgments

12  and mistakes. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

13       Nothing in Cook's complaint suggest that the officers who arrested him were acting on

14  anything but a good-faith belief that they had probable cause to do so. Cook admits that he had an

15  encounter with his wife, and "escorted" her out of the house. (Comp. ¶ 8) Cook admits that his

16  wife told the Department that he engaged in domestic violence. (Comp. ¶ 9) This is enough

17  information on which to arrest Cook. Cook fails to identify any other clearly defined constitutional

18  right violated by the Department. The individual defendants are therefore entitled to qualified

19  immunity and should be dismissed.

20       Moreover, to the extent that Cook intends to assert a violation of his constitutional rights

21  regarding the administrative disciplinary action, he does not allege that any of the individual

22  defendants made decisions concerning his suspension or discipline.

23       For these reasons, the court should dismiss the three individual defendants.

24  **II.    COOK FAILS TO STATE A CLAIM UNDER *MONELL***

25       Under *Monell v. Department of Social Services,* 436 U.S. 658 (1978) a plaintiff may bring a

26  claim a constitutional violation against the City if the final policy maker for the City made or

27  ratified the decision that resulted in the plaintiff's deprivation of a constitutional right. Here, Cook

28  alleges that the City is liable for a constitutional violation, including apparently his unlawful arrest,

7

1  because "the conduct" "was authorized and ratified by the final decision makers for the City and

2  County of San Francisco."  (Comp. ¶ 22)  But Cook fails to identify what conduct is at issue, who

3  those final decision makers may be, and what possible action could constitute "ratification."  His

4  allegations therefore fail to satisfy the requirement that Cook set forth facts sufficient to give rise to

5  "anything other than speculation" regarding a *Monell* claim against the City.

6      The court should dismiss Cook's Second Cause of Action against the City.

7  **III.    THE COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS AND STRIKE
       THE PUNITIVE DAMAGES ALLEGATIONS**

8
9      As stated above, Cook fails to state a claim against either the City or the individual

10  defendants for violation of his constitutional rights based on his arrest, and, the individual

11  defendants are entitled to qualified immunity for the arrest.  Cook also does not state a claim against

12  any of the individual defendants for employment discrimination.  Therefore the court should

13  dismiss all three individual defendants.

14      If the court dismisses the three individual defendants, the court should also strike Cook's

15  request for punitive or exemplary damages, as such damages do not lie against the City.  Cal. Govt.

16  Code § 818, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 272 (1981).

17  **IV.    THE COURT SHOULD ALTERNATIVELY REQUIRE A MORE DEFINITE
       STATEMENT**

18      Cook's complaint fails to clearly identify the basis of his causes of action.  The City has

19  attempted to identify all of the possible claims identified by Cook's selective statement of facts.  If

20  the court identifies issues not raised by the City, the City requests that Cook amend the complaint to

21  more clearly state his claims.

22  **V.    THE COURT SHOULD DECLINE JURISDICTION OF THE PENDANT STATE
       CLAIM UNDER FEHA**

23
24      Federal court jurisdiction of state law claims is discretionary.  Exercise of discretion

25  depends on a "host of factors," including "considerations of judicial economy, convenience and

26  fairness to litigants."  *Notrica v. Board of Supervisors*, 925 F.2d 1211, 1213, 1215 (9th Cir. 1991),

27  citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  "Where the plaintiff

28

8

has already started proceedings in state court, fairness considerations do not weigh in favor of the plaintiff." *Notrica,* 925 F.2d at 1215.

Cook's Third Cause of Action is for a violation of the FEHA. Cook currently has pending in state court the exact same claim. Although the City requested that Cook stay the state court proceeding pending this proceeding, Cook has declined to do so. It would be a waste to attempt to litigate this claim on two fronts. This court should therefore decline supplemental jurisdiction of Cook's Third Cause of Action.

## CONCLUSION

For the foregoing reasons, the City requests that the court dismiss Cook's second cause of action under 42 U.S.C. § 1983 and Cook's third cause of action under FEHA, both without leave to amend, and dismiss the individually named defendants.

Dated: September 19, 2007

DENNIS J. HERRERA

City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
MARGARET W. BAUMGARTNER
ADELMISE ROSEMÉ WARNER
Deputy City Attorneys

By: _____/s/_____
MARGARET W. BAUMGARTNER
Attorneys for Defendants CITY AND
COUNTY OF SAN FRANCISCO et al.