# EXHIBIT "A"

EXHIBIT "A"

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
THE SCOTT LAW FIRM
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609

Attorneys for Plaintiff,
CLIFFORD COOK

CASE MANAGEMENT CONFERENCE SET

SEP 1 4 2007 - 9:00 AM

DEPARTMENT 212

ENDORSED
FILED
San Francisco County Superior Court

APR 1 1 2007

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
        Deputy Clerk

SUMMONS ISSUED

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

CLIFFORD COOK,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-50, inclusive

    Defendants.

Case No.: CGC-07-462280

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

    Plaintiff, CLIFFORD COOK, and for a cause of action against defendants, and each of them, allege as follows:

**PARTIES**

1.    Plaintiff, CLIFFORD COOK, is an African-American employee of the San Francisco Police Department for the City and County of San Francisco.

2.    Defendant, City and County of San Francisco, is a municipal corporation organized under the laws of the State of California.

3.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise of DOES 1 through 25 herein, and prays leave of Court to insert the true names and capacities of such Defendants when they become known or ascertained together with appropriate charging allegations.

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4. In doing the acts or omissions complained of Defendants, their agents and employees, acted or failed to act in concert and/or with the authorization and knowledge of each other.

## STATEMENT OF FACTS

5. On the night of July 19, 2005, plaintiff, CLIFFORD COOK, got into a verbal argument with his wife, Lisa Cook, at their home in San Francisco. Plaintiff's wife (a Caucasian female) assaulted the plaintiff while under the influence of alcohol. In order to defuse the situation, the plaintiff escorted his wife out of the house. Plaintiff's wife left without further incident.

6. Approximately one-week later, plaintiff's wife contacted the San Francisco Police Department and alleged that she had been a victim of domestic violence on July 19, 2005. The plaintiff has information and believes that his wife was interviewed by Inspector Antonio Flores and Lieutenant Don Sloan. Plaintiff has information and believes that the investigators obtained no corroborating evidence.

7. Contrary to policies and practices of the San Francisco Police Department regarding domestic violence investigations, Captain Marsha Ashe and Lieutenant Don Sloan arrested the plaintiff without a warrant, and without first interviewing him. The plaintiff has information and believes that his arrest occurred with knowledge by the defendant that the District Attorney's Office declined to prosecute the case based on the evidence presented.

8. The plaintiff further alleges that had Captain Ashe and Lieutenant Sloan followed Department policies and practices, they would have interviewed plaintiff and learned that there was no probable cause for the arrest and that no circumstances existed to arrest him without a warrant. The plaintiff further alleges that he was treated differently from other police officers and City officials because he is an African-American man married to a Caucasian woman. The

- 2 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

plaintiff further alleges that if he were Caucasian he would not have been arrested and suspended without pay.

9. Contrary to Department customs and policies, and without a hearing before the Police Commission, the plaintiff was suspended from his position without pay for 60 days beginning on July 27, 2005. The plaintiff continues to be employed on a restricted basis as an Inspector, which means that he is not eligible for over-time outside of his assignment. Prior to this arrest and suspension, the plaintiff had been earning overtime pay for work outside of his assignment.

10. On or about April 12, 2006, the plaintiff made a complaint of discrimination to the California Department of Fair Employment and Housing. Plaintiff received a right to sue letter from the Department of Fair Employment and Housing on April 12, 2006.

## DAMAGES

11. As a result of the acts and omissions of alleged herein, the plaintiff has sustained and will continue to sustain substantial losses of earnings, promotions and benefits. In addition, plaintiff has suffered and will continue to suffer damage to his career and reputation in an amount to be determined according to proof.

12. As a further result of the acts and omissions alleged herein, plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, and emotional distress in an amount to be determined according to proof.

13. Plaintiff was required to retain counsel and is entitled to reasonable attorneys' fees should he prevail in this action.

## FIRST CAUSE OF ACTION
(Gov't Code § 12940 *et seq.*)

14. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

15. At all times relevant, Government Code § 12940 was in effect prohibiting discrimination based on race.

16. In doing the acts and omissions alleged herein, the City and County of San Francisco discriminated against the plaintiff in violation of the Fair Employment & Housing Act. The discrimination alleged herein was a motivating factor in causing injuries and damages to the plaintiff.

WHEREFORE, plaintiff prays for relief as set forth herein.

## PRAYER FOR RELIEF

The plaintiff prays for relief as follows:

1. For compensatory damages and other economic damages according to proof;
2. For general damages according to proof;
3. For an award of prejudgment interest at the legal rate according to proof;
4. For an award of attorney's fees and costs;
5. For appropriate injunctive relief designed to remedy the unlawful practice alleged herein; and
6. For such other and further relief as the Court may deem necessary and appropriate.

DATED: April __, 2007

THE SCOTT LAW FIRM

By: _____
JOHN HOUSTON SCOTT

- 4 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT "B"

EXHIBIT "B"

appeal. If the commission shall reverse or alter the finding of the chief, it shall order that the member affected be paid salary for the time of the suspension received or altered. In the event the chief should exercise such power of suspension, the member involved shall not be subject to any further disciplinary action for the same offense; provided, that where the Office of Citizen Complaints has sustained a complaint and recommended discipline in excess of a 10-day suspension, the Chief of Police may not exercise his or her power of suspension under this section without first meeting and conferring with the director of the Office of Citizen Complaints and affording the director an opportunity to verify and file charges with the Police Commission pursuant to Section 4.127. If the director of the Office of Citizen Complaints verifies and files charges, the Police Commission shall conduct a trial and hearing thereon, and the Chief of Police may not suspend the member pending the outcome of the Police Commission proceedings on the charges except as provided in Section A8.344.

Subject to the foregoing, members of the uniformed ranks of either department shall not be subject to dismissal, nor to punishment for any breach of duty or misconduct, except for cause, nor until after a fair and impartial trial before the commissioners of their respective departments, upon a verified complaint filed with such commission setting forth specifically the acts complained of, and after such reasonable notice to them as to time and place of hearings as such commission may, by rule, prescribe. The accused shall be entitled, upon hearing, to appear personally and by counsel; to have a public trial; and to secure and enforce, free of expense, the attendance of all witnesses necessary for his defense. (Amended November 2003)

### A8.344    TEMPORARY SUSPENSION PENDING COMMISSION HEARING; EXONERATION OF CHARGES

In the circumstances listed in Section A8.341 the chief of the police department and the chief of the fire department may temporarily suspend a member of the respective department pending a hearing before the police or fire commission on disciplinary charges against the member, and the member shall be entitled to a prompt administrative hearing to determine if he or she should remain suspended pending the outcome of the commission proceedings. If a member of the uniformed ranks of the police and fire departments is suspended by the chief of the respective department pending hearing before the police or fire commission for charges filed against him and subsequently takes a voluntary leave of absence without pay pending his trial before the commission, and, if after such trial he is exonerated of the charges filed against him, the commission shall order payment of salary to such member for the time under suspension and may, in its discretion, order payment of salary to such member for the time on voluntary leave of absence without pay, and the report of such suspension and leave of absence without pay shall thereupon be expunged from the record of service of such member. (Added November 2003)

### A8.345    DISCIPLINARY ACTION AGAINST STRIKING EMPLOYEES

The people of the City and County of San Francisco hereby find that the instigation of, or participation in, strikes against said City and County by any member of the uniformed forces of the police or fire departments constitutes a serious threat to the lives, property and welfare of the citizens of said City and County and hereby declares as follows:

No uniformed member of the police and fire departments employed under the civil service provisions of this charter shall instigate, participate in, or afford leadership to a strike against the City and County, or engage in any picketing activity in furtherance of such a strike. In the event of any such strike against the City and County, it shall be the duty of the appropriate appointing officer of the City and County to ascertain the identity of any officer or employee of the City and County under his jurisdiction who is in violation of the provisions of this section and to initiate dismissal proceedings against said officer or employee in accordance with the provisions of Section 8.341 of this chapter. Any citizen of the City and County may file

# EXHIBIT "C"

EXHIBIT "C"

San Francisco Police Department

# GENERAL ORDER

2.07
07/20/94

## DISCIPLINE PROCESS FOR SWORN OFFICERS

The purpose of this order is to set forth the Department's disciplinary policies and procedures for officers as prescribed by the City Charter. Any reference in this order to member or officer shall mean a sworn police officer as defined in Penal Code Section 830.1.

## I. POLICY

A. **BASIS FOR DISCIPLINARY ACTION.** Department General Order 2.01, General Rules of Conduct, Section 10 (WRITTEN ORDERS) states: Members shall obey all written orders, policies and procedures of the Department, and promptly obey all lawful written or verbal directives of superiors.

B. **DEFINITIONS**

1. ADMONISHMENT: An admonishment is an advisory, corrective, or instructional action by a superior which does not constitute formal discipline. It is a warning only and not a punitive action.

2. REPRIMAND: A reprimand is a formal written punitive action which shall be noted or included in a member's personnel file. A subsequent violation of a similar nature invites more serious punitive action.

3. SUSPENSION: Suspension is time off without pay imposed by the Chief of Police or by the Commission after a hearing. Time off by suspension is not counted toward retirement. A record of the suspension shall be included in the officer's personnel file.

4. CHIEF'S DISCIPLINARY SUSPENSION: Based on investigation and recommendations from a unit within the Department, a commanding officer, the Management Control Division, the OCC, etc., the Chief, after a hearing or an opportunity for a hearing may for disciplinary purposes, suspend an officer for a period not to exceed 10 days for violations of Department General Orders, directives, policies or procedures.

5. SUSPENSION PENDING HEARING: An officer may be suspended by the Chief pending a hearing before the Commission as provided herein below.

1

DGO 2.07
07/20/94

6. SUSPENSION BY COMMISSION: After a hearing before the Commission, the Commission may suspend an officer for a period not to exceed 90 days for each specification on which the officer is found guilty.

7. FINE: After a hearing before the Commission, the Commission may fine an officer a sum not exceeding one month's salary for each offense as provided by Charter Section 8.343.

8. TERMINATION: Dismissal from the Department.

C. ADMINISTRATION OF CORRECTIVE ACTION

1. DISPOSING OF MINOR VIOLATIONS. Subject to the prior approval of the Chief, a commanding officer may dispose of a minor violation of orders, policy, and procedures by an officer of his/her command by retraining or admonishment.

2. CHIEF'S DISCIPLINARY HEARING. The Chief may impose a disciplinary suspension or may order a disciplinary hearing. The Chief may in the alternative, give an officer notice of intended punitive action. The notice shall inform the officer of the nature of the charge or allegation of misconduct, the basis for the charge or allegation and shall state that the material on which the charges shall be based are available for inspection. The officer shall be advised that he/she has 10 days after signed receipt to request a hearing before the Chief. If a request for a hearing is not received within the prescribed time, the punitive action will be imposed.

3. FINDINGS. At the conclusion of the Chief's Disciplinary Hearing, the Chief may impose any of the following: Suspend the officer up to 10 days, reprimand, admonish, prescribe corrective action, find not sustained, or exonerate.

4. APPEAL. Any sworn officer suspended by the Chief pursuant to Paragraph I. B. 4. of this order shall have the right to appeal such suspension to the Police Commission, and have a hearing on such suspension. Notice of this right to appeal and the procedure for effecting such appeal shall be included with the notice of suspension.

5. NOTIFICATION. Written notice of appeal must be filed within 10 days after signed receipt of notice of such suspension. The hearing of such appeal must be heard within 30 days after filing, unless waived in writing by the officer.

6. EXONERATION. If the Police Commission reverses or alters the finding of the Chief then the officer affected shall be paid his/her salary for the time of suspension which the Police Commission set aside.

7. STATEMENT OF SUSPENSION. In every suspension imposed as a result of a Chief's disciplinary hearing, a statement in writing shall be given to the suspended officer, giving notice of the authority by which it is made, the basis of the action, the length of suspension, and the right of appeal. A copy of the notice shall be forwarded to the Commission, to the officer's commanding officer, the Personnel Division, Management Control Division, and other City departments, as required.

8. SUSPENSION PENDING HEARING: Under exigent circumstances the Chief is authorized to suspend temporarily any officer pending a hearing before the Commission. In all such cases of suspension, the Chief shall immediately report the same to the Commission with the reasons therefore in writing.

9. ADMINISTRATIVE HEARING. When an officer is suspended as described in I. C. 8., of this order, the officer is entitled to an administrative hearing. This hearing shall be held within 5 working days of such suspension. The purpose of this hearing is to determine whether the officer should remain suspended pending a hearing before the Police Commission.

10. FILING CHARGES. When an officer is suspended pending a hearing before the Commission, charges shall be filed with the Commission within 7 calendar days after the date of such suspension, whether personally served on said officer or otherwise and shall be immediately served as provided herein. If service has not been effected within the 7 day period, the charges shall be filed with the Police Commission, and the proof of service returned after service.

DGO 2.07
07/20/94

11. CONTINUANCES. When an officer is temporarily suspended pending the hearing of charges, the charges shall be heard by the Commission not more than 90 days after the date of suspension. The Police Commission may, in its discretion, grant a continuance for a period of time which exceeds the 90 day period. If a hearing shall be delayed beyond such time by the act of or at the request of the accused officer, the additional time requested shall be construed to be "Leave of Absence Without Pay" and the request for additional time and request for leave of absence without pay shall be in writing and processed in accordance with applicable law or rules subject to Section 8.344 of the Charter.

12. ORDERS/POLICIES/PROCEDURES. An officer under suspension shall remain subject to the order of the Chief and the orders, directives, and procedures of the Department.

D. FORMAL CHARGES

1. DEFINITION. A charge is a formal written accusation, alleging misconduct on the part of an officer. Charges must be definite, clear, and specific.

2. FORM. Charges shall state the first name, middle initial, and surname of the accused. Charges must contain a statement of facts constituting the grounds of the complaint in ordinary concise language, subscribed by the party making said charges and verified under oath.

3. FILING. After service on the accused officer, the original copy of said charges shall be filed with the Secretary of the Police Commission together with proof of service.

E. SERVICE OF CHARGES SHALL BE ACCOMPLISHED AS FOLLOWS:

1. FILING. By serving a copy of the charges on the accused, the original copy of the charges and the proof of service showing date, time and place of service shall be filed with the Police Commission.

2. PERSONAL SERVICE. If the personal service cannot be made after reasonable diligence, then by leaving a copy of the charges at the officer's usual place of abode or dwelling house in the presence of a competent member of the household at least 18 years of age who shall be informed of the contents thereof.

4

DGO 2.07
07/20/94

3. POSTING A COPY. If personal service cannot be made or if a copy cannot be left with some competent person over the age of 18 years at the last known residence of the accused, then by posting a copy of the charges conspicuously in the station, bureau, or unit to which the accused is attached at least 6 days before the date set for trial and mailing a copy by certified mail to the officer's last known address.

4. DATE OF SERVICE. Charges shall be served at least 6 days before the setting date for hearing. In computing said period of six days, the date of service shall be excluded and the date of setting included.

5. REPORT. When charges are served under the provisions of either Sections 2. or 3. above, the officer serving same shall submit a report stating how service was made, the time of service, and file same with the original set of charges.

6. FILING. The original proof of service shall be filed with the Police Commission as soon as practicable after service is accomplished.

7. ATTENDANCE. The subject officer, or his/her designated representative, shall attend each session of the Police Commission at which the pending charges appear on the agenda.

F. PENALTIES AFTER TRIAL. Any officer who, after a trial by the Commission, is found guilty of violating any order, policy, or procedure of the Department or any order of instruction issued by competent authority may be punished by reprimand, by fine, by suspension, or by dismissal from the Department as provided in Charter Section 8.343.

G. INDIVIDUAL RIGHTS/LIMITATIONS ON CORRECTIVE ACTION. Once an officer has been formally punished for a violation(s), such officer shall not receive any other punishment for the same incident.

---

Reference

*SFPD Disciplinary Penalty & Referral Guidelines.*

5