John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609

Attorneys for Plaintiff,
CLIFFORD COOK

Dennis J. Herrera, SBN 139669
Elizabeth Salveson, SBN 83788
Margaret W. Baumgartner, SBN 151762
Adelmise Warner, SBN 215385
**DEPUTY CITY ATTORNEYS**
Fox Plaza
1390 Market Street, Floor No. 5
San Francisco, CA 94102
Tel: (415) 554-3930
Fax: (415) 554-4248

Attorneys for Defendants,
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD COOK,<br><br>        Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive<br><br>        Defendants. | Case No.: C07- 2569 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: October 12, 2007<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Fl. |

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

# JURISDICTION

1. Jurisdiction and venue are not in dispute. Plaintiffs assert claims under 42 U.S.C. ' 2000e and 42 U.S.C. ' 1983. Jurisdiction is conferred by virtue of 28 U.S.C. ' ' 1331 and 1343. All named parties have been served and have appeared.

# FACTS

2. PLAINTIFF'S STATEMENT OF FACTS:

On the night of July 19, 2005, plaintiff, CLIFFORD COOK, got into a verbal argument with his wife, Lisa Cook, at their home in San Francisco. Plaintiff's wife (a Caucasian female) assaulted the plaintiff while under the influence of alcohol. Approximately one-week later, plaintiff's wife contacted the San Francisco Police Department and alleged that she had been a victim of domestic violence on July 19, 2005. Contrary to policies and practices of the San Francisco Police Department regarding domestic violence investigations, Captain Marsha Ashe and Lieutenant Don Sloan arrested the plaintiff without a warrant, and without first interviewing him. The defendants knew that the District Attorney's Office had declined to prosecute the case based on the evidence presented. The plaintiff further alleges that had Captain Ashe and Lieutenant Sloan followed Department policies and practices, they would have interviewed plaintiff and learned that there was no probable cause for the arrest and that no circumstances existed to arrest him without a warrant. The plaintiff further alleges that he was treated differently from other police officers and City officials because he is an African-American man married to a Caucasian woman. The plaintiff further alleges that if he were Caucasian he would not have been arrested and immediately suspended without pay.

DEFENDANTS' STATEMENT OF FACTS

The San Francisco Police Department arrested Cook because it had probable cause to believe that he committed an act of felony domestic violence, which resulted in physical injury to his wife on or about July, 2005. The Police Department did not arrest Cook based on his race, or the race of his wife, nor did it treat him differently from other DV suspects. Additionally, the City disputes Cook's statements that there is a "policy" to interview a suspect, even a police officer, prior to an arrest, nor that, even if it had interviewed Cook, that the Department would not have arrested him.

In addition, during the investigation of the DV charges, the Department obtained information to support a charge that Cook intentionally and methodically accessed confidential CLETS and DMV records on the victim and a former girlfriend 19 times from July 2002 to June 2005. This action is both a crime and a violation of Department policy.

The day after his arrest, the Department suspended Cook under the procedures set forth in the San Francisco Charter, and issued an order that he stay away from his wife, and his wife's two daughters. Pursuant to the Department's policies, Cook had the opportunity to have a hearing regarding whether or not he should remain suspended pending investigation of these charges and possible criminal prosecution, within five days. Cook exercised his right to that hearing, which occurred on August 3, 2005. After the hearing, the Department determined that there was a sufficient basis to continue Cook's suspension pending the criminal prosecution.

3

On or about September 20, 2005, the Department learned from the District Attorney's office that it would not be prosecuting Cook. The Department then returned Cook to duty, although in an unarmed status due to the serious misconduct charges that remain pending.

In September, 2005, Cook obtained a modification of that order to allow contact during the marital dissolution proceedings, which Lisa Cook filed the day after the alleged DV incident. The remained of the order remained in effect. Despite the stay away order, however, in January, 2006, Cook and his wife were involved in a verbal altercation in Pheonix, Arizona. The Department filed additional misconduct charges against Cook based on this incident.

The Department continues to employ Cook as a peace officer pending a hearing on all of these charges, which are currently pending before the Police Commission.

FACTUAL ISSUES IN DISPUTE

The principal factual issues in dispute are whether the Department had a legimiate, non-discriminatory reason for arresting and suspending Cook, or whether those reasons are a pretext because the Department in fact arrested plaintiff based on his race and the race of his wife. Plaintiff also believes that there is a factual dispute as to whether the Department violated plaintiff's due process rights by suspending plaintiff and continuing the suspension until the DA determined not to prosecute. The parties both believe that the second issue is a mixed question of fact and law.

## LEGAL ISSUES

3. The defendants have raised a number of legal issues in a motion to dismiss that is presently pending before this Court and scheduled to be heard on October 26, 2007. Those issues are:

   a. Whether the plaintiff has alleged sufficient facts to state a claim under 42 U.S.C. § 1983;

   b. Whether the individual defendants are entitled to qualified immunity;

   c. Whether the plaintiff has adequately alleged a *Monell* claim;

   d. Whether punitive damages are available against the individual defendants; and

   e. Whether this Court maintain jurisdiction over the pendent state claim for violation of the California Fair Employment and Housing Act, Gov't Code § 12940 *et seq*.

In addition, the parties have a dispute as to whether plaintiff can maintain an employment discrimination claim based on the arrest of plaintiff, and whether the arrest itself, as opposed to Cook's supsension, is an adverse employment action.

## MOTIONS

4. Defendants' motion to dismiss is pending with a hearing date of October 26, 2007. The defendants anticipate that they will bring a motion for summary judgment. It is also anticipated that a discovery motion may be necessary because of the confidentiality relating to peace officer records.

## AMENDMENT OF PLEADINGS

5.  Depending on the outcome of the pending motion to dismiss, it may be necessary for the plaintiff to amend his complaint.

## EVIDENCE PRESERVATION

6.  The City believes that it has preserved all relevant evidence concerning this matter. The City is not aware of any electronically stored information relevant to this matter other than records of Cook's unlawful access to CLETS and DMV databases. The plaintiff is not aware of any electronically stored information other than what is maintained by the San Francisco Police Department. The plaintiff does not believe that records regarding Cook's alleged unlawful access to databases is relevant to this case.

## DISCLOSURES

7.  The parties have agreed to postpone disclosures related to the criminal investigation and arrest of plaintiff until the court rules on Defendants' motion to dismiss. The documents, including audio tapes, related to plaintiff's charges of misconduct have been provided to plaintiff as part of the administrative investigation. Defendants will file their initial disclosures on October 5, 2007.

Plaintiff will file his initial disclosures with the exception of confidential personnel records which will be served on the defendants, but not filed with the Court.

## DISCOVERY

8.  There has been no discovery taken to date. The parties do not anticipate any proposed limitations or modifications of the discovery rules.

6

USDC # C 07-2569 CRB   JOINT CASE MANAGEMENT CONFERENCE STATEMENT

# CLASS ACTIONS

9.   Not applicable.

# RELATED CASES

10.   There is a related case presently pending in the San Francisco Superior Court. The plaintiff concurrently filed a complaint alleging violation of the California Fair Employment and Housing Act in state court. The parties intend to request that the Superior Court stay that action pending resolution of this matter, subject to certain conditions, which the parties are negotiating.

# RELIEF

11.   The plaintiff is seeking economic damages for his 60 day suspension together with his ability to work overtime since his suspension. The plaintiff was earning approximately $9,000 per month. He estimates his total lost earnings, including lost overtime, to be approximately $48,000. In addition, he was required to spend $8,000 to post an enhanced bail.

Defendants disputes these damages.

# SETTLEMENT and ADR

12.   The parties have agreed to participate in the Early Neutral Evaluation (ENE).

# CONSENT TO MAGISTRATE

13.   The parties will not consent to have a magistrate judge conduct further proceedings.

## OTHER REFERENCES

14. This case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multi-district litigation.

## NARROWING OF ISSUES

15. The pending motion to dismiss is an effort by defendants to narrow the issues by motion. There is presently no request to bifurcate issues, claims or defenses.

## EXPEDITED SCHEDULE

16. This is not the type of case that can be handled on an expedited basis.

## SCHEDULING

17. The parties request a trial date in January 2009. The parties anticipate the trial will last from 5 – 10 days. The parties also request a hearing date for dispositive motions in September 2008.

## TRIAL

18. The case will be tried to a jury.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

19. Not applicable.

## OTHER MATTERS

20. The parties are in the process of discussing the best means to litigate this and then pending state case in an efficient manner.

| | |
|---|---|
| DATED: October 5, 2007 | **SCOTT LAW FIRM** |
| | By: ___/s/___<br>JOHN HOUSTON SCOTT<br>Attorney for Plaintiff |
| DATED: October 5, 2007 | |
| | By: ___/s/___<br>MARGARET W. BAUMGARTNER<br>Attorney for Defendants |