
1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Team
3  MARGARET W. BAUMGARTNER, State Bar #151762
   ADELMISE WARNER, State Bar #215385
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Floor No. 5
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3930
   Facsimile:    (415) 554-4248
7
   Attorneys For Defendants
8  CITY AND COUNTY OF SAN FRANCISCO ET AL.

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

| CLIFFORD COOK, | Case No. C 07 2569 CRB |
|---|---|
| Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO OPPOSITION TO MOTION TO DISMISS (12(b)(6)) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (12(e))** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive, | |
| Defendants. | Date: October 26, 2007<br>Time: 10:00 a.m.<br>Place: Ctrm 8, 19th Fl.<br><br>Date action filed:<br>Trial date: None set |

**REPLY MPA/12(b)(6), CASE NO. C 07 2569 CRB**                                                                                  n:\labor\li2007\080165\00442277.doc

**INTRODUCTION**

After his arrest on domestic violence charges, and his suspension from his job as a San Francisco police officer, Christopher Cook sued the San Francisco Police Department and three individual police officers under a variety of theories. His complaint, however, fails to state a claim against the individual police officers, and fails to state a constitutional claim against any defendant. The court should therefore grant the City's motion to dismiss.

The City in its motion focused primarily on Cook's failure to state a claim under Fourth Amendment law, because the only specific factual allegations in the complaint concern Cook's arrest. However, in his opposition, Cook explains that he is not bringing a Fourth Amendment claim. Rather, he claims that despite probable cause, his arrest violated the Equal Protection clause. He also argues that his suspension violates due process. As the City argued in its opening brief, however, Cook fails to state a claim on all of these grounds.

**ARGUMENT**

**I.   COOK FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 FOR A VIOLATION OF EQUAL PROTECTION BASED ON HIS ARREST**

The City agrees that the Equal Protection Clause prohibits selective prosecution based on considerations such as race. However, on a motion to dismiss courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Inc. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). Here, while conceding that the individual defendants had probable cause to arrest him for a crime of domestic violence, Cook fails to allege in his complaint that these officer said or did *anything* to suggest that race motivated them to arrest Cook. Instead, Cook relies entirely on his legal conclusion, couched in the form of a factual allegation, that "he would not have been arrested if he were Caucasian."

By failing to include any specific factual allegations that could lead anyone to conclude that the Department "so exclusively" enforce domestic violence laws against African-American men "with a mind so unequal and oppressive" that he is denied equal protection of the laws, Cook fails to meet the pleading standard required under FRCP 8(a)(2) as defined in *Bell Atlantic*. *See United States v. Armstrong*, 517 U.S. 456, 469-70 (1996), quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886); *Papasan v. Allain*, 478 U.S. 265, 283 (1986) (12(b)(6) motion properly granted when

1

complaint contained only conclusory allegation that the plaintiffs were denied a minimally adequate education in violation of their equal protection rights).

Cook relies on *Bernhardt v. County of Los Angeles*, 279 F.3d 862 (9th Cir. 2002) to argue that he alleged sufficient facts to state a cause of action. That case in inapposite. In *Bernhardt*, the court found that the plaintiff made sufficient factual allegations to show standing. The court specifically did not rule on the issue presented here: whether the complaint states a cause of action. *Id*. at 868 ("whether a party has standing is distinct from whether she has asserted a cause of action.") Moreover, the plaintiff in *Bernhardt* made far more specific factual allegations in her complaint, rather than relying on the type of conclusory language Cook used here. *See id*. at p. 866 (detailing factual allegations set forth in complaint).

To allow such conclusory allegations of violation of equal protection to survive a motion to dismiss invites frivolous suits. Anyone can claim that he or she was treated differently from others based on race. As the Supreme Court recognized in *Bell Atlantic*, a plaintiff must provide at least some factual basis for that conclusion in order to state a claim. 127 S.Ct. at 1964-65. Cook failed to do so here.

## II. COOK FAILS TO STATE A CLAIM OF VIOLATION OF DENIAL OF DUE PROCESS

Cook cites to *Cohen v. City and County of San Francisco*, San Francisco Superior Court Case No. 506056 (July 5, 2007) (attached to plaintiff's opposition brief) for the proposition that he has stated a due process cause of action. *Cohen* is not persuasive. First, *Cohen* is not citable. Local Rule 3.4(e), Cal. Rule of Ct. 8.1115. Although Cook argues that the collateral estoppel exception applies, this motion does not encompass collateral estoppel, only whether Cook stated a claim.

Second, and more importantly, *Cohen* does not hold that the Department's procedures for temporarily suspending an officer violate due process. In *Cohen*, the court recognized that the procedures set forth in the San Francisco Charter and the Department's General Orders provide appropriate due process. The court recognized that "allowing the chief to suspend accused officers pending a hearing in cases of serious misconduct is essential for the public's protection, and does not offend constitutional requirements." *Cohen*, at p. 4; *see also Gilbert v. Homar*, 520 U.S. 924 (1997).

2

The court found in *Cohen* that the exigent circumstances required by those procedures prior to immediate suspension did not exist. In that case, the Department believed that Officer Cohen made a sexist and racist videotape for showing at a Christmas party for fellow officers. *Cohen*, pg. 1. Here, the circumstances presented to the Department were far more serious. The Department had probable cause to believe that Cook committed a crime of violence, one that is so serious that, if he were convicted, could result in his disqualification as a peace officer. See Cal. Penal Code § 12021. Although Cook alleges in his complaint that the DA's office declined to prosecute "based on the evidence presented," his complaint (and his opposition) ignores the fact that the DA did not dismiss the case, but rather requested additional investigation. At the time of his suspension, the Department still had information that supported a finding that Cook engaged in violent behavior and probable cause to arrest him. No law states that the District Attorney must decide to prosecute before the Department may suspend an employee.

Moreover, the issue here is whether Cook stated a cause of action. In his complaint, he merely states that the Department suspended him prior to a hearing before the Police Commission. (Comp. pg. 3, line 20-21). But due process does not require a hearing before the Police Commission prior to suspension, because other procedures exist. The Charter permits an immediate suspension and a hearing before the Chief, not the Commission, within five days of the suspension. See S.F. Charter Sec. A8.344. Cook's complaint does not even mention these temporary suspension procedures, of which he took advantage. Cook has not, and cannot, allege that the City failed to follow those procedures. He has therefore failed to state a due process claim.

Even if the court were to find that Cook stated a due process claim, no allegations link the three individual defendants to any suspension or due process violations. They should therefore be dismissed.

### III. EVEN IF COOK STATED A CONSTITUTIONAL CLAIM, THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Even if Cook stated a claim for violation of his constitutional rights, the three individual defendants are entitled to qualified immunity.

Cook argues that the equal protection right he alleges is well defined. The City agrees that the right not to be arrested based on race is a constitutional right. But the issue on qualified

immunity is not whether in some unspecified situation it would be constitutional to arrest a person based on race, but rather whether it was clear to *these* defendants that they had the right to arrest *this* suspect. *Brosseau v. Haugen*, 543 U.S. 194 (2004) (citing *Saucier*, 533 U.S. at 201). The officers had probable cause here when they arrested Cook. Cook makes no allegation that Captain Marsha Ashe, Lieutenant Don Sloan or Inspector Tony Flores acted with subjective ill will, nor does he allege any facts that could possibly support such an inference.

Thus, the officers had objective reason to arrest Cook. There are simply no facts to support a conclusion that in the particular situation presented to these officers that they could have known that they were violating Cook's right not to be arrested. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001) (although right to be free of excessive force is clearly defined, police officer entitled to qualified immunity because the use of force permitted in the situation they faced not clearly unconstitutional).

### IV.  COOK'S *MONELL* CLAIM FAILS

The City moved to dismiss Cook's *Monell* claim on the ground that Cook failed to allege facts concerning the ratification of any unconstitutional act. In response, Cook in his opposition argues that "the SFPD ratified this unconstitutional act [his arrest in violation of his equal protection rights] when it adopted the police officers' personal judgment and immediately suspended the plaintiff."

As stated above, Cook fails to properly allege an equal protection violation concerning his arrest. Even if he did, Cook's suspension for violating the Department's rules and regulations is a different event from his arrest. Cook does not allege, nor can he, that the individual defendants were involved in the decision to suspend him. He also does not allege, nor can he, that the persons responsible for Cook's suspension knew or suspected that the arresting officers, despite probable cause, arrested Cook because of his race in violation of the Equal Protection clause. Therefore, Cook's *Monell* claim fails.

The case cited by Cook indicates what Cook would be required to allege to show ratification. In *Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997), the plaintiff challenged a strip search policy. On summary judgment, the plaintiff alleged ratification by various policy

4

1  makers through a policy of deliberate indifference.  The court found that summary judgment for
2  defendants was not proper because "the county permitted an almost identical incident as that
3  complained of by Henry to occur after the county was sued and after being put on notice
4  unequivocally of its deputies' and nurses' unconstitutional treatment of Henry."

5  Here, unlike in *Henry*, Cook makes no allegation of any other suit or other notice that would
6  put the officers involved in his suspension "unequivocally" on notice of any alleged unconstitutional
7  treatment of Cook.  Cook does not allege that the Department ratified any particular policy through
8  deliberate indifference.  He does not allege any facts to suggest that any policy maker knew or
9  should have known that racial bias towards African-American men married to Caucasian women is
10 what motivated these three officers to arrest Cook.  He also does not identify any specific
11 unconstitutional policy, or identify any final policy maker.  He simply does not allege facts
12 sufficient to state a *Monell* claim.  *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

**V.    THE COURT SHOULD DECLINE JURISDICTION OF THE PENDANT STATE CLAIM UNDER FEHA**

Cook opposes the City's motion to dismiss the pendant state claim on the ground that "he should be able to have the claim decided at least once."  He can.  He can dismiss his state court action, which would then obviate the reasons for dismissal of the same claim in federal court.  However, defendant should not be required to litigate this same claim in two different forums.  The court should therefore decline jurisdiction over this claim.

**CONCLUSION**

For the foregoing reasons, the City requests that the court (1) dismiss Cook's second cause of action under 42 U.S.C. § 1983 and Cook's third cause of action under FEHA, both without leave to amend, (2) dismiss the individually named defendants, and (3) strike the punitive damages

//
//
//
//
//

5

allegations. Alternatively, the court should require a more definitive statement of the facts upon which plaintiff relies to support his claims.

Dated: October 12, 2007

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
MARGARET W. BAUMGARTNER
ADELMISE ROSEMÉ WARNER
Deputy City Attorneys

By: _____/s/_____
MARGARET W. BAUMGARTNER
Attorneys for Defendants CITY AND
COUNTY OF SAN FRANCISCO et al.