John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
CLIFFORD COOK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD COOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive<br><br>　　　　Defendants. | Case No.: C 07-02569 CRB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(Title VII, 42 U.S.C. § 2000e; 42 U.S.C. § 1983)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CLIFFORD COOK, and for a cause of action against defendants, and each of them, allege as follows:

## JURISDICTION

1.　This action arises under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983 and pendent claim under Cal. Gov. Code §§ 12940, *et seq.* Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2.　The conduct alleged herein occurred in the City and County of San Francisco. Venue of this action lies in the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff, CLIFFORD COOK, is an African-American employee of the San Francisco Police Department for the City and County of San Francisco.

4. Defendant, City and County of San Francisco, is a municipal corporation organized under the laws of the State of California.

5. Defendants Antonio Flores, Don Sloan, and Martha Ashe are all employees of the San Francisco Police Department and the City and County of San Francisco. In doing the acts and admissions alleged herein each was acting within the course and scope of his or her employment and acting under color of state law.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise of DOES 1 through 25 herein, and prays leave of Court to insert the true names and capacities of such Defendants when they become known or ascertained together with appropriate charging allegations.

7. In doing the acts or omissions complained of Defendants, their agents and employees, acted or failed to act in concert and/or with the authorization and knowledge of each other.

## STATEMENT OF FACTS

8. On the night of July 19, 2005, plaintiff, CLIFFORD COOK, got into a verbal argument with his wife, Lisa Cook, at their home in San Francisco. Plaintiff's wife (a Caucasian female) assaulted the plaintiff while under the influence of alcohol. In order to defuse the situation, the plaintiff escorted his wife out of the house. Plaintiff's wife left without further incident.

//

//

- 2 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9. Approximately one-week later, plaintiff's wife contacted the San Francisco Police Department and alleged that she had been a victim of domestic violence on July 19, 2005. The plaintiff has information and believes that his wife was interviewed by Inspector Antonio Flores and Lieutenant Don Sloan. Plaintiff has information and believes that the investigators obtained no corroborating evidence.

10. On July 27, 2005 at approximately 9:30 a.m., prior to Plaintiff's arrest, Defendants Marsha Ashe and Don Sloan met with top management officials of the San Francisco Police Department to discuss the uncorroborated allegations made by his wife. At that time the final decision makers for the San Francisco Police Department authorized Defendants Marsha Ashe and Don Sloan to arrest the Plaintiff without following the custom and practice of (1) interviewing the suspect before making the decision to arrest and (2) having the case approved for warrant or prosecution by the District Attorney's Office.

11. Contrary to policies and practices of the San Francisco Police Department regarding domestic violence investigations, Defendants Marsha Ashe and Don Sloan arrested the plaintiff on July 27, 2005 at approximately 3:00 p.m. The Plaintiff requested that he be interviewed prior to his arrest. This request was denied.

12. The arrest occurred **after** the Defendants learned that Assistant District Attorney Arguilar-Tarchi had reviewed the case and declined to prosecute on the morning of July 27, 2005. With this knowledge the Defendants also maliciously sought and obtained enhanced bail knowing that (a) the Plaintiff lived and worked in San Francisco and (b) he would not be prosecuted.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13. Soon after Plaintiff's arrest the Defendants again presented the case to the District Attorneys Office for prosecution. On July 28, 2005, the District Attorneys' Office again declined to prosecute the case.

14. The plaintiff further alleges that had Captain Ashe and Lieutenant Sloan followed Department policies and practices, they would have interviewed plaintiff and learned that there was no probable cause for the arrest and that no circumstances existed to arrest him without a warrant. The plaintiff further alleges that he was treated differently from other police officers and City officials because he is an African-American man married to a Caucasian woman. The plaintiff further alleges that if he were Caucasian he would not have been arrested and immediately suspended without pay.

15. Contrary to Department customs and policies, and without a hearing before the Police Commission, the plaintiff was suspended from his position without pay for 60 days beginning on July 27, 2005. The Plaintiff's arrest and 60-day suspension were condoned and ratified by the Chief of Police. The plaintiff continues to be employed on a restricted basis as an Inspector, which means that he is not eligible for over-time outside of his assignment. Prior to this arrest and suspension, the plaintiff had been earning overtime pay for work outside of his assignment.

16. On or about April 12, 2006, the plaintiff made a complaint of discrimination to the EEOC and the California Department of Fair Employment and Housing. Plaintiff received a right to sue letter from the Department of Fair Employment and Housing on April 12, 2006. The plaintiff received a notice of right to sue from the EEOC on February 22, 2007.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DAMAGES

17. As a result of the acts and omissions of alleged herein, the plaintiff has sustained and will continue to sustain substantial losses of earnings, promotions, bonuses and benefits. In addition, plaintiff has suffered and will continue to suffer damage to his career and reputation in an amount to be determined according to proof.

18. As a further result of the acts and omissions alleged herein, plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, and emotional distress in an amount to be determined according to proof.

19. Plaintiff was required to retain counsel and is entitled to reasonable attorneys' fees should he prevail in this action.

20. The acts and/or omissions of the individual Defendants, and each of them, as alleged in this Complaint, were willful, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages according to proof.

## FIRST CAUSE OF ACTION
(Title VII 42 U.S.C. 2000e *et seq.*)

21. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

22. At all times herein mentioned, Title VII, 42 U.S.C. section 2000e *et seq.* was in full force and effect and was binding upon the defendant, City and County of San Francisco. Said sections prohibited the Defendant employer from discriminating against its employees based on race and association.

23. Defendant, City and County of San Francisco, by and through the acts and omissions alleged herein, discriminated against the plaintiff because of his race. The discrimination was a motivating factor in causing injuries and damages to the plaintiff.

- 5 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

WHEREFORE, plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)

24. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

25. In doing the acts and/or omissions alleged herein, Defendants City and County of San Francisco, Antonio Flores, Don Sloan, Martha Ashe and Does 1 - 25, and each of them, acted under color of authority and/or under color of law to deprive the plaintiff of his rights under the United States Constitution including but not limited to his right to equal protection and due process as guaranteed by the Fourteenth Amendment. The conduct was authorized and ratified by final decision makers for the City and County of San Francisco including the Chief of Police.

26. As a result of said defendants acts and omissions the plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION
(Gov't Code § 12940 *et seq.*)

27. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

28. At all times relevant, Government Code § 12940 was in effect prohibiting discrimination based on race.

29. In doing the acts and omissions alleged herein, the City and County of San Francisco discriminated against the plaintiff in violation of the Fair Employment & Housing Act. The discrimination alleged herein was a motivating factor in causing injuries and damages to the plaintiff.

WHEREFORE, plaintiff prays for relief as set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# JURY DEMAND

30. Plaintiff hereby demands a jury trial on all issues so triable.

# PRAYER FOR RELIEF

The plaintiff prays for relief as follows:

1. For compensatory damages and other economic damages according to proof;
2. For general damages according to proof;
3. For an award of prejudgment interest at the legal rate according to proof;
4. For an award of punitive damages against the individual named defendants;
5. For an award of attorney's fees and costs;
6. For appropriate injunctive relief designed to remedy the unlawful practices alleged herein; and
7. For such other and further relief as the Court may deem necessary and appropriate.

DATED: December 11, 2007                                    SCOTT LAW FIRM

By: _____
JOHN HOUSTON SCOTT
Attorney for Plaintiff

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF