1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Team
3  MARGARET W. BAUMGARTNER, State Bar #151762
   ADELMISE WARNER, State Bar #215385
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Floor No. 5
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3930
   Facsimile:    (415) 554-4248
7
   Attorneys For Defendants
8  CITY AND COUNTY OF SAN FRANCISCO ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CLIFFORD COOK, | Case No. C 07 2569 CRB |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive, | Date: Feb. 22, 2008<br>Time: 10:00 a.m.<br>Place: Ctrm. 8, 19th Fl. |
| Defendants. | Date action filed:<br>Trial date: None set |

**NOTICE/MSJ CASE NO. C 07 2569 CRB**                    n:\labor\li2007\080165\00459759.doc

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to the Court's order of October 26, 2007 requesting that the City and County of San Francisco and the individual defendants (herein after collectively "the City") file a motion for partial summary judgment on plaintiff's Equal Protection claim and on Qualified Immunity, the City will and hereby does move for partial summary judgment. The hearing shall take place pursuant to court order on February 22, 2008, at 10:00 a.m., at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California, Courtroom 8, on the 19th Floor.

The grounds for the City's motion is as follows:

1. The court should grant summary judgment to the City on plaintiff's 2nd Cause of Action under 42 U.S.C. § 1983 based on Equal Protection because plaintiff cannot present admissible evidence upon which a reasonable trier of fact could conclude that the City arrested him because of his race or the race of his wife.

2. The court should grant summary judgment to the City on plaintiff's 2nd Cause of Action under 42 U.S.C. Section 1983 in its entirety based on Due Process because the court previously granted the City's motion to dismiss the claim based on that ground, without leave to amend.

3. The court should dismiss the individual defendants in their entirety because (1) the individual defendants' involvement with plaintiff was related only to the criminal investigation and arrest and (2) the individual defendants have qualified immunity for those actions.

4. The court should grant summary judgment to the City on plaintiff's 2nd Cause of Action under 42 U.S.C. § 1983 (*Monell*) because plaintiff cannot present an admissible evidence on which a

///
///
///
///
///
///
///

1

**NOTICE/ MSJ CASE NO. C 07 2569 CRB**                    n:\labor\li2007\080165\00459759.doc

1  reasonable trier of fact could conclude that the City has a policy or practice of racially

2  discriminatory arrests or that a final policy maker ratified any alleged unconstitutional action

3  Dated: January 18, 2008                         DENNIS J. HERRERA

4                                                                  City Attorney
                                                                    ELIZABETH SALVESON
5                                                                  Chief Labor Attorney
                                                                    MARGARET W. BAUMGARTNER
6                                                                  Deputy City Attorney

7                                                           By: /s/ Margaret W. Baumgartner
8                                                                  MARGARET W. BAUMGARTNER
                                                                    Attorneys for Defendants CITY AND
9                                                                  COUNTY OF SAN FRANCISCO et al.