John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
CLIFFORD COOK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD COOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive<br><br>　　　　Defendants. | Case No.: C 07-02569 CRB<br><br>**DECLARATION OF JOHN HOUSTON SCOTT IN SUPPORT OF REQUEST FOR CONTINUANCE UNDER FEDERAL RULE 56(f)**<br><br>Date:  February 22, 2008<br>Time:  10:00a.m.<br>Place:  Courtroom 8, 19th Fl. |

DECLARATION OF J.H. SCOTT UNDER RULE 56(f)

I, John Houston Scott, declare that:

1.   I am an attorney licensed to practice in the State of California and admitted to all district courts in California. I am familiar with the facts and issues in this action. I submit this declaration in opposition to the defendants' motion for summary judgment.

2.   I was limited to taking the deposition of only one of the defendants, Captain Marsha Ashe. Captain Ashe's recent deposition testimony, referred to at length in the brief filed in opposition to this motion, appears to be inconsistent with the events that are documented in the Chronological Summary of Inspector Flores attached to her declaration as Exhibit 1. For reasons more fully set forth in the plaintiff's opposition brief, further discovery is needed to oppose this motion and rebut the declaration of Captain Ashe.

3.   If further discovery is allowed, plaintiff can obtain additional facts to support his selective-enforcement theory and rebut the declaration of Captain Marsha Ashe through witnesses who will testify about:

   a. information conveyed between the San Francisco District Attorney's Office and the defendants relating to the investigation and arrest of Cook;

   b. common practices and procedures relating to the way these agencies coordinate their efforts to arrest and prosecute suspects;

   c. information about the 9:30 am. meeting on July 27, 2005 relating to the investigation and arrest of Cook;

   d. information about the 10:00 am. meeting on July 27, 2005 relating to the investigation and arrest of Cook; and,

   e. information conveyed between the defendants relating to the investigation and arrest of Cook.

4.   Currently discovery is closed and was only allowed on a limited basis. Plaintiff was diligent in attempting to take the depositions of defendants Sloan and Flores and ADA Aguilar-Tarchi. When this request was refused, plaintiff was invited to make this request in opposition to summary judgment.

5. Plaintiff seeks to depose the following witnesses.

   a. Assistant District Attorney Elizabeth Aguilar-Tarchi could testify about what information she conveyed to the defendants prior to Clifford Cook's arrest and common practices between the two agencies.

   b. Defendant Inspector Antonio Flores could testify about his investigation of Clifford Cook, including his communications with defendants Ashe and Sloan and the San Francisco District Attorney's office, meetings that happened prior to Cook's arrest, and customs and practices between the San Francisco Police Department and the District Attorney's office prior to arrests;

   c. Defendant Lt. Donald Sloan could testify about his investigation and arrest of Clifford Cook, including his communication with defendants Ashe and Flores and the San Francisco District Attorney's office prior to Cook's arrest, and customs and practices between the San Francisco Police Department's and the District Attorney's office prior to arrests;

   d. Captain Kevin Cashman could testify about his knowledge about the Cook investigation and arrest including his interactions with the defendants, and a meeting he attended prior to Cook's arrest; and

   e. Insp. Ciardella could testify about his knowledge about the Cook investigation and arrest including his communications with the defendants and the San Francisco District Attorney's office prior to Cook's arrest.

6. I believe that the information sought will raise a genuine issue of material fact and rebut the declaration of Captain Marsha Ashe filed in support of defendants' motion. Therefore, the motion should be continued pursuant to Fed.R.Civ.Pro. 56(f).

//
//
//
//

2

DECLARATION OF JOHN HOUSTON SCOTT UNDER RULE 56(f)

1   I declare under penalty of perjury under the laws of the State of California that the
2   foregoing is true and correct and that this declaration was executed on February 1, 2008 at San
3   Francisco, California.

_____
John Houston Scott

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

3

DECLARATION OF JOHN HOUSTON SCOTT UNDER RULE 56(f)