John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
CLIFFORD COOK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD COOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>　　　　Defendants. | Case No.: C 07 2569 CRB<br><br>**PLAINTIFF'S POINTS & AUTHORITIES IN SUPPORT OF MOTION TO AMEND THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO DISMISS TWO CLAIMS WITHOUT PREJUDICE**<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Fl. |

## INTRODUCTION

On April 11, 2007, Plaintiff filed a related lawsuit against the City and County of San Francisco in the San Francisco Superior Court for a violation of California Gov't Code § 12940. This case was filed on May 15, 2007 alleging three causes of action: (1) First cause of action against defendant City and County of San Francisco for violation of Title VII; (2) Second cause of action against defendant City and County of San Francisco, Antonio Flores, Don Sloan and Martha Ashe under 42 U.S.C. § 1983; and (3) Third cause of action against the City and County of San Francisco for violation of Gov't Code § 12940. There is nothing wrong with plaintiff's decision to pursue parallel actions in state and federal court. *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001).

- 1 -
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

On October 26, 2007, this Court granted in part and denied in part defendants' motion to dismiss. The motion was granted as to Plaintiff's *Monell* claim with leave to amend. The motion as to the FEHA claim was denied pending resolution of the Title VII claim. On December 11, 2007, Plaintiff filed a First Amended Complaint.

The Court directed the defendants to bring a motion for partial summary judgment as to the plaintiff's equal protection claim (second cause of action) brought pursuant to 42 U.S.C. § 1983. The Court did not allow the plaintiff to conduct any discovery regarding his Title VII and FEHA claims and limited the plaintiff's discovery to the equal protection/1983 claim.

On May 12, 2008, this Court granted the defendants' motion for partial summary judgment as to the plaintiff's equal protection/1983 claim.

The plaintiff now seeks to amend his complaint under Rule 15 to eliminate the remaining Title VII and FEHA claims. In the alternative, plaintiff seeks to dismiss his remaining claims, without prejudice, pursuant to Rule 41(a)(2).

The plaintiff wishes to proceed with his state claim, filed before this lawsuit was brought, in state court. The Superior Court scheduled the state case to trial on October 20, 2008. As a result of an objection by defendants' counsel that trial date was vacated. However, a Further Case Management Conference is set for October 31, 2008, in the Superior Court.

**ARGUMENT**

**I. The Court Should Grant Plaintiff Leave to Amend Under FRCP 15**

If already served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15.

In *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683 (9th Cir. 2005), the court decided a similar issue where plaintiff withdrew one of its federal claims before the trial court entered judgment. In dismissing the action on the merits, the trial court failed to indicate that the withdrawn claim was dismissed without prejudice (or, which claims were still part of the action when it was dismissed). *Id.* The Ninth Circuit held that the withdrawn claim was not a final judgment on the merits for purposes of res judicata. *Id.* at 684.

In *Hells Canyon*, during oral argument before the district court on the parties' cross-motions for summary judgment, plaintiff voluntarily "abandoned" one of its federal claims. *Hells, supra*, 403 F.3d 683 at 685. The district court, rejecting plaintiff's remaining federal claim on the merits, dismissed the cross-motions for summary judgment on the abandoned claim as "moot." *Id.* The Ninth Circuit court reasoned that "moot" meant the district court understood that the claim had already been withdrawn. *Id.* at 690.

The district court dismissed the suit finding that the voluntarily abandoned claim resulted in a final judgment on the merits. *Id.* at 686. The Ninth Circuit construed the dismissal as "approval of an oral amendment of the complaint to excise that claim." *Id.* at 687 The voluntarily dismissed claim was not a final judgment on the merits. Since Rule 41(a) governs dismissals of entire actions, not of *individual claims*, the withdrawal of individual claims against a defendant was governed by Rule 15 (amendments to pleadings). *Id.*, citing, *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988). The oral withdrawal of the dismissed claim was held tantamount to a Rule 15(a) motion to amend. *Id.* at 689. Since "[i]t is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to judgment," there could not have been a final judgment on the merits on plaintiff's voluntarily abandoned claim. *Id.* at 690.

In particular, if leave to amend is denied, it will often occur because an amendment would create unfair prejudice to another party. *See, e.g., Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)("[I]t is the consideration of prejudice that carries the greatest weight.") In fact, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Here, there would be no danger of unfair prejudice to defendants. The dropping of the first and third causes of action will not prejudice defendants. The defendant CCSF has participated in a parallel state court proceeding since it commenced on April 11, 2007 – a month before this lawsuit was filed.

**II. In the Alternative, This Court Should Grant Plaintiff's Motion to Dismiss Without Prejudice Pursuant to FRCP Rule 41(a)(2)**

Once an answer or a motion for summary judgment is filed, plaintiffs may voluntarily dismiss "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2).

Case law does not precisely articulate "legal prejudice." Courts focus on "the **rights and defenses** available to a defendant in future litigation." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)(emphasis added). For example, prejudice exists if the dismissal of a party "rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Id., citing, Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).

Legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). Similarly, the inconvenience of defending another lawsuit and the fact that the defendant has already begun trial preparations are not prejudice. *Hyde & Drath, supra*, 24 F.3d at 1169.

In *Westlands, supra*, 100 F.3d at 96-97, the Ninth Circuit held that when ruling on a motion to dismiss without prejudice, the court must first determine whether the defendant will suffer "legal prejudice" as a result of the dismissal. The court reviewed three factors which the district court cited in support of its denial of plaintiffs' motion for dismissal without prejudice: (1) uncertainty; (2) delay; and (3) substantial expense. The Ninth Circuit reversed and remanded to the district court. The court held that plaintiffs were entitled to voluntary dismissal without prejudice because uncertainty and expense were not grounds for prejudice, and plaintiffs did not have a dilatory motive for dismissal. *Id.* at 96-97.

## CONCLUSION

In conformity with Rule 15(a), the plaintiff's motion to amend his complaint to drop his first and third causes of action should be granted. In the alternative, in accordance with Rule 41(a)(2) the plaintiff should be allowed to voluntarily dismiss his first and third causes of action, without prejudice.

DATED: June 18, 2008

SCOTT LAW FIRM

By: /s/
JOHN HOUSTON SCOTT
Attorney for Plaintiff

PLAINTIFF'S MOTION TO AMEND THE COMPLAINT