John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
CLIFFORD COOK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD COOK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>　　　　Defendants. | Case No.: C 07 2569 CRB<br><br>**DECLARATION OF JOHN H. SCOTT IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO DISMISS TWO CLAIMS WITHOUT PREJUDICE**<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Fl. |

I, John Houston Scott, declare as follows:

1. I am the attorney for the Plaintiff, Clifford Cook, and I make this Declaration in support of Plaintiff's Motion to Amend the Complaint, or in the Alternative, Motion to Dismiss Two Claims without Prejudice.

2. Attached hereto as **Exhibit A** is a true and correct copy of plaintiff's complaint in San Francisco Superior Court on April 11, 2007.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Pretrial Case Management Order from the Superior Court dated April 16, 2008.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Order Setting Case Management Conference from the Superior Court dated May 2, 2008.

- 1 -

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct and that this declaration was executed this 18th day of June, 2008, at
3  San Francisco, California.

_____
John Houston Scott

DECLARATION OF JOHN H. SCOTT IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

# EXHIBIT A

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**THE SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609

Attorneys for Plaintiff,
CLIFFORD COOK

CASE MANAGEMENT CONFERENCE SET

SEP 1 4 2007 - 9:00 AM

DEPARTMENT 212

ENDORSED
FILED
San Francisco County Superior Court

APR 11 2007

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
    Deputy Clerk

SUMMONS ISSUED

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

CLIFFORD COOK,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-50, inclusive

    Defendants.

Case No.: **CGC-07-462280**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, CLIFFORD COOK, and for a cause of action against defendants, and each of them, allege as follows:

**PARTIES**

1. Plaintiff, CLIFFORD COOK, is an African-American employee of the San Francisco Police Department for the City and County of San Francisco.

2. Defendant, City and County of San Francisco, is a municipal corporation organized under the laws of the State of California.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise of DOES 1 through 25 herein, and prays leave of Court to insert the true names and capacities of such Defendants when they become known or ascertained together with appropriate charging allegations.

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4. In doing the acts or omissions complained of Defendants, their agents and employees, acted or failed to act in concert and/or with the authorization and knowledge of each other.

## STATEMENT OF FACTS

5. On the night of July 19, 2005, plaintiff, CLIFFORD COOK, got into a verbal argument with his wife, Lisa Cook, at their home in San Francisco. Plaintiff's wife (a Caucasian female) assaulted the plaintiff while under the influence of alcohol. In order to defuse the situation, the plaintiff escorted his wife out of the house. Plaintiff's wife left without further incident.

6. Approximately one-week later, plaintiff's wife contacted the San Francisco Police Department and alleged that she had been a victim of domestic violence on July 19, 2005. The plaintiff has information and believes that his wife was interviewed by Inspector Antonio Flores and Lieutenant Don Sloan. Plaintiff has information and believes that the investigators obtained no corroborating evidence.

7. Contrary to policies and practices of the San Francisco Police Department regarding domestic violence investigations, Captain Marsha Ashe and Lieutenant Don Sloan arrested the plaintiff without a warrant, and without first interviewing him. The plaintiff has information and believes that his arrest occurred with knowledge by the defendant that the District Attorney's Office declined to prosecute the case based on the evidence presented.

8. The plaintiff further alleges that had Captain Ashe and Lieutenant Sloan followed Department policies and practices, they would have interviewed plaintiff and learned that there was no probable cause for the arrest and that no circumstances existed to arrest him without a warrant. The plaintiff further alleges that he was treated differently from other police officers and City officials because he is an African-American man married to a Caucasian woman. The

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

plaintiff further alleges that if he were Caucasian he would not have been arrested and suspended without pay.

9. Contrary to Department customs and policies, and without a hearing before the Police Commission, the plaintiff was suspended from his position without pay for 60 days beginning on July 27, 2005. The plaintiff continues to be employed on a restricted basis as an Inspector, which means that he is not eligible for over-time outside of his assignment. Prior to this arrest and suspension, the plaintiff had been earning overtime pay for work outside of his assignment.

10. On or about April 12, 2006, the plaintiff made a complaint of discrimination to the California Department of Fair Employment and Housing. Plaintiff received a right to sue letter from the Department of Fair Employment and Housing on April 12, 2006.

## DAMAGES

11. As a result of the acts and omissions of alleged herein, the plaintiff has sustained and will continue to sustain substantial losses of earnings, promotions and benefits. In addition, plaintiff has suffered and will continue to suffer damage to his career and reputation in an amount to be determined according to proof.

12. As a further result of the acts and omissions alleged herein, plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, and emotional distress in an amount to be determined according to proof.

13. Plaintiff was required to retain counsel and is entitled to reasonable attorneys' fees should he prevail in this action.

## FIRST CAUSE OF ACTION
(Gov't Code § 12940 *et seq.*)

14. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

15. At all times relevant, Government Code § 12940 was in effect prohibiting discrimination based on race.

16. In doing the acts and omissions alleged herein, the City and County of San Francisco discriminated against the plaintiff in violation of the Fair Employment & Housing Act. The discrimination alleged herein was a motivating factor in causing injuries and damages to the plaintiff.

WHEREFORE, plaintiff prays for relief as set forth herein.

## PRAYER FOR RELIEF

The plaintiff prays for relief as follows:

1. For compensatory damages and other economic damages according to proof;

2. For general damages according to proof;

3. For an award of prejudgment interest at the legal rate according to proof;

4. For an award of attorney's fees and costs;

5. For appropriate injunctive relief designed to remedy the unlawful practice alleged herein; and

6. For such other and further relief as the Court may deem necessary and appropriate.

DATED: April __, 2007

THE SCOTT LAW FIRM

By: _____
JOHN HOUSTON SCOTT

- 4 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| CLIFFORD COOK<br><br>PLAINTIFF (S)<br><br>VS.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al<br><br>DEFENDANT (S) | **Pretrial Department 212**<br>**Case Management Order**<br><br>**NO. CGC-07-462280**<br><br>**Notice of Time and Place of Trial and Mandatory Settlement Conference** |

To: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The APR-25-2008 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY NOTIFIED that this case is set for Jury TRIAL on OCT-20-2008 at 9:30 AM in Dept. 206.

A MANDATORY SETTLEMENT CONFERENCE is set for OCT-02-2008 at 3:30 PM in Department 613, 400 McAllister Street San Francisco, CA 94102. Sanctions will be imposed for failure to comply with Local Rule 5.0.A. and California Rules of Court, Rule 3.1385.

If any party objects to this order, written notice of the objection must be filed with the Court; a courtesy copy must be delivered to Dept. 212 and served on all parties; and all counsel must appear for an objection hearing on APR-25-2008 in Department 212 at 9:00AM.

After APR-25-2008, ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206, 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102.

DATED: APR-16-2008          ARLENE T. BORICK
                            JUDGE/COMMISSIONER

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

*CALENDARED*

| | |
|---|---|
| CLIFFORD COOK<br><br>PLAINTIFF (S)<br><br>VS.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al<br><br>DEFENDANT (S) | **Pretrial Department 212**<br><br>NO. CGC-07-462280<br><br>**Order Setting Case Management Conference** |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

As a result of the objection hearing, the previously scheduled trial and mandatory settlement conference are vacated and it is hereby ordered:

This case is set for a case management conference on OCT-31-2008 in Department 212 at 9:00 AM.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: MAY-02-2008         Arlene T. Borick
                           JUDGE/COMMISSIONER