```
 1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
 2  ELIZABETH SALVESON, State Bar #83788
    Chief Labor Team
 3  MARGARET W. BAUMGARTNER, State Bar #151762
    ADELMISE R. WARNER, State Bar # 215385
 4  Deputy City Attorneys
    Fox Plaza
 5  1390 Market Street, Floor No. 5
    San Francisco, California 94102-5408
 6  Telephone:    (415) 554-3859
    Facsimile:    (415) 554-4248
 7  E-mail:       margaret.baumgartner@sfgov.org

 8  Attorneys For Defendants
    CITY AND COUNTY OF SAN FRANCISCO, ET AL.
 9
                   UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
```

| CLIFFORD COOK, | Case No. C 07 - 2569 CRB |
|---|---|
| Plaintiff, | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO AMEND, OR IN THE ALTERNATIVE, MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, ANTONIO FLORES, DON SLOAN, MARSHA ASHE, and DOES 1-50, inclusive, | |
| Defendants. | Date: July 24, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

## INTRODUCTION

After the City and County of San Francisco arrested plaintiff Inspector Clifford Cook for domestic violence, and temporarily suspended him pending the conclusion of the criminal investigation, Cook sued based on the same facts in both federal and state court. After discussion with the City about how to proceed, Cook chose to proceed on the federal court complaint, and to stay the state court complaint pending resolution of the federal action. After losing a motion for partial summary judgment, Cook apparently now regrets the decision, and wishes to dismiss the federal court proceeding without prejudice.

1

The City opposes the motion on the grounds of prejudice and fairness. Cook chose his forum. The City has expended considerable resources in litigating the matter. Cook provides no reason for his request for dismissal. Apparently fearing an adverse ruling on the remaining merits, he has changed his mind. The City moved for partial summary judgment at the court's request, based in part on the court's assurance that there would be no difficulty with filing two, rather than one, motions for summary judgment. Therefore, the court should deny Cook's request for dismissal without prejudice because (1) this matter has progressed significantly; (2) Cook failed to indicate any reason for his request for dismissal; (3) it is apparent that Cook is forum shopping; and (4) it is not fair to the City to switch the forum to state court at this point in the proceedings.

## STATEMENT OF FACTS

The San Francisco Police Department arrested plaintiff Clifford Cook for domestic violence, and suspended him pending resolution of the criminal proceedings pursuant to the provisions of the San Francisco Charter. Five days later, the Department provided a hearing to Cook to determine if he should remain suspended. After hearing all of the evidence, the hearing officer recommended that Cook remain suspended. The Chief agreed with the hearing officer's determination.

Two months later, when the District Attorney's office finally dismissed the criminal proceedings, the Department placed Cook back on limited duty.

On April 11, 2007, Cook sued the City for employment discrimination in state court under California Government Code § 12940. A month later, Cook also sued the City in federal court for employment discrimination under California Government Code § 12940 and under Title VII, as well as violations of 42 U.S.C. § 1983, based on the same facts.

The City objected to proceeding on both cases at the same time. The parties agreed to stay the state court action pending resolution of the federal court action, with the caveat that if the City filed an interlocutory appeal, that Cook could lift the stay in state court.

The City subsequently moved to dismiss based on the federal complaint. At the hearing, Cook clarified the factual basis for his claims. Based in part on Cook's representations at the hearing, the court granted the motion in part. In addition, the court indicated that rather than address an amended complaint, that the City and the individual defendants should file a partial

motion for summary judgment. The court assured the City that there would be no problem filing partial motions for summary judgment rather than waiting to file one motion.[1] The City thereafter filed a motion for partial summary judgment, and after discovery, the court granted the motion. As a result of the court's order granting partial summary judgment, the City remains as the only defendant, and only the first and third causes of action remain.

After the court issued its order granting partial summary judgment, the court conducted a status conference. At the hearing on the status conference, Cook requested dismissal of his two remaining claims. After the court made clear that the dismissal would be with prejudice, the court gave Cook a choice: the court would either dismiss the two remaining causes of action with prejudice, or the parties would proceed with the case. The court gave the City until the beginning of August to file a motion for summary judgment on the remaining causes of action.

Rather than take one of the choices offered by the court, Cook filed this motion to dismiss without prejudice.

The court should deny the motion.

## ARGUMENT

Federal Rule of Civil Procedure Rule 15 allows an amendment to a pleading in certain circumstances. However, "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism 'where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but *without* dismissing as to any of the defendants.'" *Hells Canyon Pres. Council v. United States Forest Service*, 403 F.3d 683, 688 (9th Cir. 2005). In this case, the amendment requested by Cook

---

[1] The transcript from the hearing on the motion to dismiss in this matter (pertinent pages attached hereto), page 10, states:

  Ms. Baumgartner: To the extent that - - as you know, we are always a little troubled by filing multiple motions for summary judgment. And I think . . .

  The Court: Don't be troubled.

  Ms. Baumgartner: Oh, I'm glad that the Court says that. If that is the case, I would be happy to present this issue on the facts as opposed to the allegations.

//

1  would eliminate the two remaining causes of action, and all defendants. Therefore, the appropriate
2  procedure under which to request a dismissal is Federal Rule of Civil Procedure 41.
3      Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court
4  order, on terms that the court considers proper." A court should dismiss upon a plaintiff's request
5  unless the court finds "plain legal prejudice." A court may find plain legal prejudice "where
6  significant discovery or pretrial preparations have taken place." *Kern Oil & Refining Co. v.*
7  *Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986) (upholding denial of motion for voluntary
8  dismissal where court concluded plaintiff was forum shopping and significant activity in case had
9  taken place); see also *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193 (5th Cir. 1991) (no
10 abuse of discretion to deny motion to dismiss after months of filing pleadings, attending
11 conferences, submitting memoranda and when magistrate had issued a comprehensive
12 recommendation that was adverse to plaintiff's position).
13     Moreover, "voluntary dismissal may not be appropriate where the sole reason for the
14 plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending
15 post-trial or dispositive motion." *Helio, LLC v. Palm, Inc.*, 2007 U.S. Dist. LEXIS 29422 (N.D.
16 Cal. 2007) (attached hereto). Thus, a plaintiff's reasons for dismissal are "material" to the court's
17 determination. *Wiesen v. AstraZeneca Pharmacutials., L.P.*, 2006 U.S. Dist. LEXIS 66367 (N.D.
18 Cal. 2006) (attached hereto).
19     The City will suffer prejudice through a dismissal without prejudice. The City has expended
20 significant resources litigating this matter to date. The City has filed two motions, conducted
21 discovery, and attended hearings and conferences. The court has already ruled against Cook on one
22 motion for partial summary judgment. The court has already scheduled a hearing on a subsequent
23 motion for summary judgment, and set a date within a few weeks by which the City must file an
24 additional motion for summary judgment. Thus, the City will suffer legal prejudice by dismissal.
25     Furthermore, Cook is forum shopping. Cook provides no reason for his request for
26 dismissal other than wishing to proceed in a different forum. Cook had an initial choice here, to
27 either litigate the matter in state court, or to litigate in federal court. He chose federal court. Now
28 //

4

that it appears that he may lose in federal court, he wants to return to state court. The court should not permit Cook's unfair tactics.

*Smith v. Lenches,* 263 F.3d 972 (9th Cir. 2001), the case cited by Cook, illustrates the circumstances in which a dismissal without prejudice may be appropriate. In *Smith*, the court dismissed the federal claims with prejudice, but the state claims without prejudice. The court relied on the final ruling on the federal clams in determining that the defendant suffered "no legal prejudice" by dismissal of the state law claims without prejudice. *Id.* at 976. Moreover, in *Smith* the court relied on the fact that no discovery had begun, and no dispositive motions filed. *Id.* at 976. Here, in contrast, Cook seeks to dismiss not only his state claim, but also his federal claim, without prejudice. Also, the parties have engaged in discovery, and already filed two motions.

Lastly, it would serve judicial economy to keep these claims in federal court. The court is aware of the parties and the claims. It is in the best position to address the remainder of this case.

## CONCLUSION

For the foregoing reasons, the court should deny the motion to amend, or in the alternative, dismiss without prejudice.

Dated: July 14, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
MARGARET W. BAUMGARTNER
ADELMISE R. WARNER
Deputy City Attorneys

By: /s/ Margaret W. Baumgartner
MARGARET W. BAUMGARTNER
Attorneys for Defendants CITY AND
COUNTY OF SAN FRANCISCO

1 of 1 DOCUMENT

HELIO, LLC, Plaintiff, v. PALM, INC., Defendant.

No. C 06-7754 SBA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

2007 U.S. Dist. LEXIS 29422

April 6, 2007, Decided
April 9, 2007, Filed

**COUNSEL:** [*1] For Helio LLC, Plaintiff: Deborah A. Bailey-Wells, LEAD ATTORNEY, Harold H. Davis, Jr., Kevin C. Trock, Kirkpatrick & Lockhart Preston Gates Ellis LLP, San Francisco, CA, US.

For Palm, Inc., Defendant: Brian C. Cannon, Claude M. Stern, LEAD ATTORNEYS, Claude Michael Stern, Quinn Emanuel Urquhart Oliver & Hedges LLP, Redwood Shores, CA.; Andrea Pallios Roberts, Quinn Emanuel Urquhart Oliver & Hedges LLP, San Francisco, CA.; Douglas Woodruff Colt, Quinn Emanuel Urquhart Oliver & Hedges LLP, Redwood City, CA.

**JUDGES:** Saundra Brown Armstrong, United States District Judge.

**OPINION BY:** Saundra Brown Armstrong

**OPINION**

**ORDER**

[Docket Nos. 34, 78]

Before the Court is plaintiff Helio, LLC's motion to dismiss this action without prejudice [Docket No. 78] and defendant Palm, Inc.'s request for terms and conditions if dismissal is granted without prejudice, or, in the alternative, request for dismissal with prejudice [Docket No. 85]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. Civ. P. 78. For the reasons that follow, the Court GRANTS the [*2] motion to dismiss, but with terms and conditions. The Court also DENIES Helio's motion for a preliminary injunction [Docket No. 34] as moot.

**BACKGROUND**

On December 19, 2006, Helio filed a complaint against Palm asserting trademark infringement. Concurrently with the complaint, Helio filed an application for a temporary restraining order. This application was denied after a hearing on December 21, 2006. Helio currently has a pending motion for a preliminary injunction. *See* Docket No. 34.

Helio asserts that Palm's advertising campaign using the slogan "Not Just a Cell Phone. A Treo." infringes its own advertisements utilizing the phrases "Don't call it a phone" and "Don't call us a phone company." Palm used this phrase in outdoor advertising, in print media, and on Internet websites. Palm's advertising campaign using the slogan has been winding down in recent months and is, or soon will be, finished. Helio contends that it has therefore achieved the objective of its litigation, and now seeks to dismiss this action without prejudice to its being allowed to refile this suit should Palm again use the slogan in the future.

Palm agrees this suit should be dismissed, but it [*3] objects to dismissing it without terms and conditions. First, it requests that the Court first rule on the motion for preliminary injunction. In addition, Palm requests

> the Court enter an order prohibiting Helio from challenging the conclusions of Palm's surveys in any future litigation, or, in the event Helio wishes to make such a challenge, the payment of Palm's fees and costs incurred in opposing plaintiff's motions for a TRO and preliminary injunction, and the fees associated with these surveys. Such fees would be paid retroactively if and when Helio mounted such a challenge. Palm further requests an order providing that any discovery that has been exchanged in this action can be used in

Case 3:07-cv-02569-CRB    Document 65    Filed 07/14/2008    Page 7 of 13

Page 2
2007 U.S. Dist. LEXIS 29422, *

any subsequent action between the parties.

Docket No. 85, at 12.

## LEGAL STANDARDS

After an answer has been filed, as is the case here, an "action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *FED. R. Civ. P. 41(a)(2)*. A court should grant a motion for voluntary dismissal under *Rule 41(a)(2)* unless a defendant can show that it will suffer [*4] some "plain legal prejudice" as a result. *See Smith v. Lenches, 263 F.3d 972, 975 (2001); Stevedoring Servs. of Am. v. Armilla Int'l B. V., 889 F.2d 919, 921 (9th Cir. 1989)* (the purpose of *Rule 41(a)(2)* is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal"); *Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982)*.

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)*. For instance, prejudice may be the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *See id.* Legal prejudice is not constituted by the expense incurred in defending a lawsuit, in potentially having to defend in a second litigation or in another forum, or merely because the plaintiff would gain a tactical advantage by the dismissal. *See Smith, 263 F.3d at 976; Westlands, 100 F.3d at 97*.

## ANALYSIS

### 1. Ruling on the Pending Motion for [*5] Preliminary Injunction

Before granting the dismissal of this action, Palm requests the Court first make factual findings on the merits of the pending preliminary injunction motion, and enter findings that there is no consumer confusion on the parties' respective slogans; that there is no secondary meaning with respect to Helio's slogan; and that Helio has no likelihood of success on the merits. Palm contends that the strength of the evidence that it has put forward in opposition to the preliminary injunction is in fact the reason for Helio's requested dismissal. As both parties agree this case should be dismissed, the preliminary injunction is now moot.

The case Palm relies on for nevertheless seeking a ruling on the preliminary injunction is *Terrovona v. Kincheloe, 852 F.2d 424, 429-30 (9th Cir. 1988)*. In that case, the Ninth Circuit found that the district court did not abuse its discretion in denying a habeas petitioner's motion to dismiss his petition three months after a summary judgment motion had been filed and after a magistrate judge issued a report and recommendation on the summary judgment motion. *Id.*

There is other authority supporting the proposition [*6] that a voluntary dismissal may not be appropriate where the sole reason for the plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending post-trial or dispositive motion. *See, e.g., Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980)* (dismissal without prejudice was not appropriate after a trial and where the only apparent reason for the party's seeking dismissal was to avoid an adverse ruling on a motion for judgment notwithstanding the verdict); *Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)* (weighing fact that summary judgment motion had been filed in denying dismissal without prejudice).

A ruling on a preliminary injunction, is not of course, a ruling on a dispositive motion. It is a preliminary assessment of the likelihood of success where there is a danger of an irreparable injury. It is not binding in future litigation and a ruling would not offer issue or claim preclusion on points ruled upon in the preliminary injunction. Thus, a ruling on the preliminary injunction that is moot would be both a waste of judicial resources and of no real value to either of the parties.

### [*7] 2. Palm's Requested Conditions for Dismissal

#### a. Surveys

Palm relates that it commissioned two consumer surveys by independent marketing experts to defend against Helio's trademark infringement claim. These surveys allegedly demonstrate that Helio's slogans have no secondary meaning and that there is no evidence of a likelihood of confusion between the two entities' advertising campaigns. Palms states that it expended approximately $ 80,000 in this effort.

Palm requests that dismissal of this action be conditioned on either (1) prohibiting Helio from challenging the conclusions of Palm's two surveys in any future litigation, or, (2) in the event that Helio wishes to make such a challenge, the payment of Palm's fees and, costs incurred in opposing Helio's motions for a temporary restraining order and preliminary injunction, and the fees associated with the surveys, to be paid retroactively if and when Helio mounts such a challenge.

#### i. Conclusions of the Surveys

Palm cites no authority to support essentially requiring its proffered evidence be deemed factually admitted as a condition for allowing dismissal without prejudice.

### ii. Payment of Costs and Fees

[*8] It is appropriate then to consider Palm's alternative requests. First, it requests fees and costs for opposing the temporary restraining order and the preliminary injunction. It is clearly within the district court's discretion to award attorney's fees and costs as a condition of granting voluntary dismissal pursuant to *Rule 41(a)(2)*. Doing so is commonplace and serves the purpose of protecting the defendant from undue prejudice. *See, e.g., Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 U.S. Dist. LEXIS 4467, 2007 WL 81911, at *5 (N.D. Cal. 2007)*. Here the plaintiff seeks dismissal because Palm's advertising campaign is winding down, if not already finished. There is strong evidence that Helio has known that Palm's advertising campaign relying on the slogan "Not Just a Cell Phone. A Treo." would be terminating at about this time since at least the temporary restraining order. *See, e.g.,* Docket No. 83 (Roberts Decl., Exs. A, C). Thus, much of the costs incurred by Palm could have been avoided had Helio dismissed this action when it first learned that the campaign was winding down. It is therefore equitable to require Helio to compensate for those fees and costs. On the other hand, [*9] a defendant may only be awarded the payment of costs and attorney's fees for work which cannot be used in any future litigation of these claims. *See Westlands, 100 F.3d at 97; Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993)*. It is likely that at least some of the work performed by Palm would be useful in a future action on between the parties on this claim. Thus, conditioning the dismissal of this case on the payment of costs and fees, to be paid if Helio reinstitutes this case, is appropriate, but such costs and fees must be limited to those associated with work that cannot be used in any future litigation.

### b. Discovery

Palm also requests that the dismissal be conditioned on any discovery exchanged in this lawsuit being allowed for use in any subsequent action between the parties. Such a request will help relieve Palm of potentially duplicative expenses in the event of subsequent litigation. *See Gonzalez ex rel. A.R.Z. v. Tyrrell, 2006 U.S. Dist. LEXIS 40117, 2006 WL 1706167, at *5 (W.D. Wash. 2006)*. Under the authority granted by *Rule 41(a)(2)* to dismiss only "upon such terms and conditions as the court deems proper," the Court grants this condition [*10] to the extent that the future litigation encompasses the same matters presented in this case and such future action comes before this Court.

### CONCLUSION

Accordingly, the Court DENIES the motion for preliminary injunction [Docket No. 34] as moot. It is further ORDERED that Helio's motion to dismiss this action [Docket No. 78] is granted, but with conditions. These conditions include the following: (1) if Helio should decide to refile this lawsuit in the future, Helio shall, as a condition of filing, bear any of Palm's costs from this suit which Palm is able to demonstrate cannot be used in the future litigation of these claims, and (2) any discovery exchanged in this lawsuit is allowed in a subsequent action related to this trademark infringement claim between the parties that comes before this Court.

IT IS SO ORDERED.

April 6, 2007

Saundra Brown Armstrong

United States District Judge

1 of 1 DOCUMENT

ROBERT WIESEN, Plaintiff, v. ASTRAZENECA PHARMACEUTICALS, L.P. et al., Defendant.

No. C 06-1629 JSW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 66367

August 31, 2006, Decided
August 31, 2006, Filed

**COUNSEL:** [*1] For Robert J. Wiesen, Plaintiff: Jeffrey A. Kaiser, Laurel L. Simes, William A. Levin, Dennis J. Canty, Emily Charley, Levin Simes Kaiser & Gornick LLP, San Francisco, CA.

For AstraZeneca Pharmaceuticals L.P., AstraZeneca, L.P., Catherine Marie Valerio Barrad, Christine Kim Son, Justin Ma, Defendants: Sidley Austin LLP, Los Angeles, CA.

For Eli Lilly and Company, Defendant: James M. Wood, Reed Smith LLP, Oakland, CA.

**JUDGES:** JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JEFFREY S. WHITE

**OPINION**

ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF DISMISSAL WITHOUT PREJUDICE AND DENYING AS MOOT ASTRAZENECA DEFENDANTS' MOTION TO STAY

The Court has before it for consideration Plaintiff's Motion for Order Approving Dismissal Without Prejudice, and the Motion to Stay Action Pending Transfer to Multidistrict Proceedings filed by AstraZeneca Pharmaceuticals, L.P. and AstraZeneca L.P. (the "AstraZeneca Defendants"). Pursuant to a prior order of the Court setting a briefing schedule, the motions are fully briefed and ripe for decision, and the Court finds the motions suitable for disposition without oral argument. [1] *See* N.D. Civ. L.R. 7-1(b).

---

1 Plaintiff also names Eli Lilly and Company as a defendant. Eli Lilly filed its answer on July 17, 2006. It has not filed an opposition to Plaintiffs motion for voluntary dismissal; nor has it taken a position on the motion to stay. Although the Court has issued orders with respect to briefing on these motions that addressed the AstraZeneca Defendants and Plaintiff, by virtue of the e-filing system, Eli Lilly has had notice of Plaintiff's motion. The Court construes its silence as a lack of opposition.

[*2] **BACKGROUND**

On February 28, 2006, Plaintiff filed the complaint in this case. On July 10, 2006, the AstraZeneca Defendants filed their answer.

On July 13, 2006, the AstraZeneca Defendants filed a Notice of MDL Transfer Order, in which they advised the Court that the Judicial Panel District on Multi-District Litigation had established MDL Proceeding No. 1769, *In re Seroquel Products Liability Litigation,* and had transferred approximately 92 actions pending in this district and others to the United States District Court for the Middle District of Florida for coordinated proceedings before the Honorable Anne C. Conway. In that notice, the AstraZeneca Defendants advised the Court that they had identified this case as a potential tag-along action to MDL Proceeding 1769. The record in this case establishes that plaintiff's current counsel advocated the creation of coordinated MDL proceedings, albeit on behalf of different plaintiffs. (*See* Defendants' Reply, Ex. 3.) The record also establishes that Plaintiff sought to continue a case management conference in this case on the ground that he expected that the matter would be transferred to MDL Proceeding 1769. That request was [*3] made before the MDL issued its Transfer Order. (Defendants' Opp., Exs. D, E.)

Case 3:07-cv-02569-CRB   Document 65   Filed 07/14/2008   Page 10 of 13

Page 2
2006 U.S. Dist. LEXIS 66367, *

On July 27, 2006, Plaintiff filed his motion to voluntarily dismiss this action in its entirety. On August 1, 2006, the AstraZeneca Defendants moved to stay the proceedings pending a transfer to MDL Proceeding 1769.

This case is not yet subject to a conditional transfer order from the MDL.

## ANALYSIS

In this case, Plaintiff seeks a voluntary dismissal of this action pursuant to *Federal Rule of Civil Procedure 41(a)*. That rule provides, in pertinent part, that when a defendant has filed an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *Fed. R. Civ. P. 41(a)(1)-(2)*.

"[T]he decision to grant a voluntary dismissal under *Rule 41(a)(2)* is addressed to the sound discretion of the District Court...." *Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986)* (citing *Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982)*). In considering [*4] a motion for voluntary dismissal, the Court must "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton, 679 F.2d at 145*. "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001)* (quoting *Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)*). In addition, a court may find plain legal prejudice where significant discovery or pretrial preparations have taken place. *See Kern Oil, 792 F.2d at 1390* (upholding denial of motion for voluntary dismissal where court concluded plaintiff was forum shopping and significant activity in case had taken place); *but see Westlands, 100 F.3d at 97* (stating that court previously has stated that expenses incurred in litigating case did not amount to plain legal prejudice).

The Ninth Circuit also has made clear that "[p]lain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton, 679 F.2d at 145*. [*5] Indeed, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved," as it is in this case. *Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991)* (cited with approval in *Westlands, 100 F.3d at 96-97*).

Although Plaintiff contends that the basis for requesting a dismissal is "immaterial," because the Astrazeneca Defendants can articulate no plain legal prejudice, the Court is not persuaded by this argument. In the *Kern Oil* case, the Ninth Circuit, in concluding that the district court had not abused its discretion in denying the defendant's motion for a voluntary dismissal of its counterclaim, found that the defendant's asserted justification for requesting dismissal was "baseless." *Kern Oil, 792 F.2d at 1389*. Thus, the Court finds that Plaintiff's asserted justifications for dismissal, as well as the AstraZeneca Defendants' asserted bases for claiming they have suffered plain legal prejudice, are material to its decision.

With respect to the former, [*6] Plaintiff does not explain why he, personally, seeks to voluntarily dismiss this action. Rather, he asserts generally that "[f]or a variety of reasons many Plaintiffs have determined that it would be in their best interests to proceed differently. Some Plaintiffs may not proceed further with an Action. Some Plaintiffs will not pursue AstraZeneca, but will instead proceed against one or more co-defendants. Some Plaintiffs will proceed against AstraZeneca and/or certain other co-defendants in another forum." (Plaintiff's Mot. at 2.) Plaintiff also notes that claims against AstraZeneca and other defendants have been split into two MDL proceedings, requiring "Plaintiffs" to litigate in two separate for a. (*Id.* at 2-3.) Finally, Plaintiff asserts that his counsel "has no contacts and no experience" in the Middle District of Florida, where MDL 1769 is proceeding. (*Id.* at 3.)

The AstraZeneca Defendants in turn oppose Plaintiff's motion and contend that they have established plain legal prejudice because Plaintiff admits to forum shopping. They also assert, relying on *Roybal v. Equifax, 2006 U.S. Dist. LEXIS 22380, 2006 WL 988537 (E.D. Cal. Apr. 14, 2006)*, that they are prejudiced by the "loss [*7] of a federal forum." (Defs. Opp. at 3.) The Court *is* troubled both by the fact that Plaintiff's counsel sought to establish coordinated MDL proceedings and by the fact that Plaintiff did not seek to dismiss this action until after the MDL assigned the coordinated proceedings to Judge Conway. However, as noted, the mere fact that the Plaintiff may gain some tactical advantage from the dismissal is not enough to establish plain legal prejudice. *Hamilton, 679 F.2d at 145*.

Further, while the remainder of Plaintiff's proffered justifications for dismissal are set forth in general terms and do not address why he personally wishes to dismiss, the Court does not find them to be "baseless." Nor is the Court inclined to punish Plaintiff for a choice that may be driven entirely by counsel's wishes, rather than his own. Finally, the Court rejects the AstraZeneca Defendants' argument that they are prejudiced by the "loss of a federal forum." The *Roybal* case is not dispositive, because in that case the plaintiff's claims arose under federal law. *See Roybal v. Equifax, 405 F. Supp. 2d 1177, 1181-82 (E.D. Cal. 2005)* (finding plaintiff's state law claims completely [*8] preempted and dismissing fed-

eral claims with leave to amend). Here, although Plaintiff chose to file initially in federal court, he only asserts state law claims, and, with the exception of the instant motions, there has been no significant pretrial activity in this case.

Accordingly, having considered all of these issues, the Court exercises its discretion to GRANT Plaintiff's motion. This action is HEREBY DISMISSED WITHOUT PREJUDICE. Having granted Plaintiff's motion, the AstraZeneca Defendants' motion to stay these proceedings pending transfer is DENIED AS MOOT. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 31, 2006

/s/

JEFFREY S. WHITE

UNITED STATES DISTRICT JUDGE

Pages 1 - 20

United States District Court

Northern District of California

Before The Honorable Charles R. Breyer

Clifford Cook,             )
                           )
         Plaintiff,        )
                           )
  vs.                      )   No. C07-2569 CRB
                           )
City and County of         )
San Francisco, et al.,     )
                           )
         Defendant.        )
_____)

San Francisco, California
Friday, October 26, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:          The Scott Law Firm
                        1375 Sutter Street, Suite 222
                        San Francisco, California  94109
                   By:  Lizabeth N. de Vries, Esquire


For Defendant:          Office of the City Attorney
                        Fox Plaza
                        1390 Market Street, Fifth Floor
                        San Francisco, California  94102-5408
                   By:  Margaret W. Baumgartner, Esquire
                        Deputy City Attorney

Reported By:            Sahar McVickar, RPR, CSR No. 12963
                        Official Reporter, U.S. District Court
                        For the Northern District of California

(Computerized Transcription By Eclipse)

Sahar McVickar, C.S.R. No. 12963, RPR
Official Court Reporter, U.S. District Court
(415) 626-6060

      *THE COURT:* Why don't --

      *MS. BAUMGARTNER:* However --

      *THE COURT:* Go ahead.

      *MS. BAUMGARTNER:* To the extent that -- as you know, we are always a little troubled by filing multiple motions for summary judgment. And I think --

      *THE COURT:* Don't be troubled.

      *MS. BAUMGARTNER:* Oh, I'm glad that the Court says that. If that is the case, I would be happy to present this issue on the facts as opposed to the allegations.

      *THE COURT:* I think I'd rather have it in that context. I think it's a much better context to have it in, should you lose your first summary judgment motion. If that's what occurs, you can make another summary judgment motion after there is further discovery.

      I want to absolutely limit discovery. I want to try to limit it -- it may be that what you would do is submit your declarations in a summary judgment motion, give them the opportunity to depose the witnesses who are the declarants in the summary judgment motion and then on the issue of what did the cops know when. What did the DA say? What did the cops know?

      *MS. BAUMGARTNER:* Right. I think I would also have to take a very shortened deposition of the plaintiff to find out what he knew. Since he is a cop himself, I can't assume